709 So.2d 248 (1998)
CAPITAL CITY TOWING & RECOVERY, INC., Tow Power, Inc. and Blackjack Towing, Inc.
v.
CITY OF BATON ROUGE; Baton Rouge Police Department and Sgt. Vernet Johnson, Individually and in his capacity as inspections officer of the Baton Rouge Police Department.
No. 97 CA 0098.
Court of Appeal of Louisiana, First Circuit.
February 20, 1998.
Rehearing Denied March 24, 1998.
Alice Estill, Baton Rouge, for Plaintiff/Appellant Capital City Towing and Recovery, Inc.
*249 Randy B. Ligh, Baton Rouge, for Defendant/Appellee City of Baton Rouge, et al.
Before CARTER and FITZSIMMONS, JJ., and CHIASSON,[1] J.Pro Tem.
CARTER, Judge.
This is an appeal from a ruling of the trial court that an amendment to a Baton Rouge City/Parish ordinance was not unconstitutional and that plaintiffs had no right to bid on services contracted by the City/Parish.

BACKGROUND
On November 25, 1992, the Metropolitan Council of the Parish of East Baton Rouge and City of Baton Rouge, (Metro Council) adopted Ordinance 9533, which regulated auto, emergency and heavy duty wrecker licenses and permit regulations. One of the matters addressed by the ordinance was the procedure for calling wreckers to an accident scene. According to Ordinance 9533 § 11, where a vehicle was disabled after an accident, the officer at the scene would ask the driver if he had a preference of wrecker companies. In the event a driver was physically unable to request or refused to request a wrecker company, the officer would notify the police communications officer, who would then select a wrecker company from a rotating list. The Police Department kept all permitted wrecker companies on rotating lists for emergency wreckers, heavy duty wreckers, and official storage, which was utilized when a vehicle was impounded or stored on behalf of the police department.
In a decision rendered on April 20, 1995, in a matter entitled, "Towing and Recovery Professionals of Louisiana, Inc., and Guy's Towing Service, Inc. v. City of Baton Rouge, et al." No. 413,660 in the Nineteenth Judicial District Court, the district court found that Ordinance No. 9533 was pre-empted by the Federal Aviation Administration Act of 1994, as to rates, routes, and services of the tow trucks. The district court permanently enjoined enforcement of the ordinance.
On April 28, 1995, Capital City Towing & Recovery, Inc., Tow Power, Inc., and Blackjack Towing, Inc., (plaintiffs) filed suit against the City of Baton Rouge, the Baton Rouge Police Department, and Sgt. Vernet Johnson, an Inspections officer of the Baton Rouge Police Department. The suit alleged the defendants had unlawfully removed plaintiffs from the Police Department's rotating lists for emergency wreckers, heavy duty wreckers, requests, and official storage lists without an administrative hearing. Although there is no judgment in the record, the minutes reflect on May 8, 1995, the trial court ordered the City of Baton Rouge to provide plaintiffs a new hearing. The record does not contain any evidence of whether the hearing was ever held or the outcome thereof.

FACTS
On May 24, 1995, the Metro Council amended Ordinance 9533, to abolish the rotating lists for emergency, heavy duty wreckers and storage facilities. In place of the rotating lists, the ordinance referred to a "contracted heavy duty and emergency towing and recovery company," which was defined in the ordinance as, "[a]ny company which, by virtue of its successful bid, has entered into a contract with a law enforcement agency to perform all unspecified tows within a delineated area for a set price." On June 28, 1995, the City of Baton Rouge issued a request for proposals, with specifications for towing and storage services, based on the amended ordinance.
On March 22, 1996, the plaintiffs filed an amended and supplemental petition requesting damages, injunctive relief, and a writ of mandamus. One of the plaintiffs' allegations was that the amendment to Ordinance 9533 was unconstitutional in that it constituted a taking without due process. Plaintiffs also claimed they were prohibited from participating in the bid process by the defendants because plaintiffs' businesses were located outside the three zones created by the City/Parish.
*250 The hearing on the preliminary injunction and writ of mandamus was held on April 9, 1996. In an order signed on May 13, 1996, the trial court ruled the following with respect to plaintiffs' constitutional challenge:
IT IS ORDERED that as a matter of law, no evidence having been presented and as represented by counsel for the defendants, the amendment to City/Parish Ordinance 9533 § 1 permitted only a "Request for Proposal," not a bid and as such, towing services are not subject to the bid laws of this state and therefore the plaintiffs have no constitutional right to bid for the contract of towing services awarded by the City of Baton Rouge/Parish of East Baton Rouge.
On June 13, 1996, plaintiffs filed a writ application with this Court seeking review of the district court's ruling on the constitutionality of the towing contracts. The writ application was denied with an order that the case be remanded to the trial court with the instruction that realtors be granted an appeal.
On appeal, plaintiffs assign the following assignments of error:
1. The trial court erred in holding that the City of Baton Rouge/Parish of East Baton Rouge through the Metropolitan Counsel's (sic) adoption of an amendment to the Towing and Wrecker Ordinance 9533 § 1 which offered out for bid contract services involving wrecker, towing and hauling for the City of Baton Rouge/Parish of Baton Rouge was a request for proposal and not a bid that is subject to the bid laws of this state and the rules and regulations of the City/Parish's plan of government.
2. The trial court erred in holding that the plaintiffs had no constitutional right to bid on the towing services contracted by the City of Baton Rouge/Parish of Baton Rouge.

DISCUSSION
The Public Bid Law defines "public contract" as "any contract awarded by any public entity for the making of public works or for the purchase of any materials or supplies." LSA-R.S. 38:2211(A)(9). "Public work" is defined as "the erection, construction, alteration, improvement, or repair of any public facility or immovable property owned, used, or leased by a public entity." LSA-R.S. 38:2211(A)(11).
The Public Bid Law is prohibitory in character because its purpose is to advance the interests of the tax paying citizens. The purpose of the law is to prevent public officials from awarding contracts on the basis of favoritism or at possible exorbitant prices. Starlight Homes, Inc. v. Jefferson Parish Council, 93-746, p. 2 (La.App. 5th Cir. 2/9/94); 632 So.2d 3, 4, writ denied, 94-0610 (La.4/29/94); 637 So.2d 462.
The transaction at issue involved the City of Baton Rouge, through the Baton Rouge City Police Department, entering into contracts with certain towing companies pursuant to which those companies would provide towing services for a certain price in certain areas of the city when called by police officers on behalf of individual motorists who have no preferences as to the towing company to be called following an accident. These "contracts" are not contracts per se, but merely agreements whereby the towing companies provide towing services to motorists who have not chosen a towing company of their own. The towing company is not paid by the City, but is paid by the individual whose vehicle it tows.
The agreements between the towing companies and the City do not involve any benefit to the City, nor do these agreements involve any public monies, thus we do not find this contract falls under the requirements of the Public Bid Law. Therefore, there was no requirement for competitive bids, which would have given plaintiffs a constitutional right to submit a proposal.
We further note the amendment to Ordinance 9533 does not impinge on plaintiffs' right to conduct their businesses. The amendment only affects situations where a motorist does not designate a towing company. The amendment in no way prohibits the plaintiffs from being requested by motorists at an accident scene.
The peremptory exception raising the objection of no cause of action questions *251 "whether the law extends a remedy to anyone under the factual allegations of the petition." Louisiana Paddlewheels v. Louisiana Riverboat Gaming Commission, 94-2015, p. 5 (La.11/30/94); 646 So.2d 885, 888 n. 3; Williams v. Mumphrey, 95-643, p. 3 (La. App. 1st Cir. 3/29/96); 668 So.2d 1274, 1275, writ denied, 96-0569 (La.3/29/96); 670 So.2d 1240. The purpose of an exception pleading the objection of no cause of action is to determine the sufficiency in law of the petition. City of New Orleans v. Board of Commissioners of Orleans Levee District, 93-0690, p. 2 (La.7/5/94); 640 So.2d 237, 241; Woodland Ridge Association v. Cangelosi, 94-2604, p. 3 (La.App. 1st Cir. 10/6/95); 671 So.2d 508, 510. Failure to disclose a cause of action may be noticed by the Court of Appeal on its own motion. Bradbury v. Paul, 365 So.2d 845, 848 (La.App. 4th Cir.1978).
The nature of the agreements under Ordinance 9533 were not subject to the Public Bid Law, thus there was no constitutional right to submit a proposal. Because plaintiffs had no constitutional right to submit a proposal, their petition fails to state a cause of action and is dismissed.
The ruling of the trial court is affirmed and all costs of the appeal are assessed against the plaintiffs.
AFFIRMED.
NOTES
[1] Judge Remy Chiasson, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.