1 PETTIGREW, J.,
concurring.
I agree with the legal reasoning of the majority; however, I have concerns with the procedural posture of this case. The majority’s opinion appears to presume that the trial court impliedly found Shanda Crain to be unworthy of inheriting from her parents.
Prior to its revision, amendment and reenactment by Acts 1997, No. 1421, § 1, effective July 1, 1999, former Louisiana Civil Code article 967, provided as follows.
The unworthiness is never incurred by the act itself; it must be pronounced by the court in a suit instituted against the heir accused of unworthiness, after he has been duly cited. (Emphasis added.)
There is no evidence to indicate that Shanda Crain was duly cited in accordance with former La. Civ.Code art. 967. Inasmuch as one cannot be declared unworthy to succeed without being cited to appear, Shanda Crain remains seized of said successions until such time as she is deprived of her rights of inheritance by a judgment declaring her to be unworthy. Former La. Civ.Code- art. 965. She may however duly renounce her rights under said successions. Former La. Civ.Code arts. 1014 et seq.
|2The renunciations allegedly executed by Shanda Crain were not introduced as evidence at the trial court and do not form part of the record for our review. This case came to us by virtue of a motion for summary judgment, which I feel was an inappropriate procedural device since there are still material issues of fact in *264 dispute. I believe the appropriate procedural device would have been a peremptory exception raising the objection of no cause of action and/or no right of action. Under either scenario, the plaintiffs do not inherit.
An exception of no cause of action questions whether the law extends a remedy to anyone under the factual allegations of the petition. Capital City Towing & Recovery, Inc. v. City of Baton Rouge, 97-0098, p. 5 (La.App. 1 Cir. 2/20/98), 709 So.2d 248, 250-51. The Issue raised by the peremptory exception raising the objection of no right of action is whether plaintiff belongs to a particular class to which the law grants a remedy for the particular harm alleged. Shinew v. Luciano Refrigerated Transport, Inc., 96-2454, p. 3 (La.App. 1 Cir. 11/19/97), 706 So.2d 140, 141. The failure to disclose a cause of action or a right of interest in plaintiff to institute the suit may be noticed by the court of appeal on its own motion. La.Code Civ. P. art. 927.
If Shanda is not declared unworthy, and her purported renunciations are held to be invalid, Shanda Crain would inherit, not the plaintiffs. Additionally, it should be noted that if Shanda’s purported renunciations are held to be valid, the question of her worthiness for inheritance purposes is of no real moment; either way, Shanda’s siblings would inherit her portion to the exclusion of plaintiffs because Shanda’s siblings would be “coheirs of the same degree” as envisioned by former La. Civ. Code art. 1022.
If Shanda is deciared unworthy, and her renunciations are held to be invalid, under the prior law applicable to this case, Shan-da’s siblings would again inherit her portion to the exclusion of plaintiffs because Shanda’s siblings would be “coheirs of the same degree.” (For a further discussion of this point, please refer to the comments following revised La. Civ. Code art. 946.)
| sUnder any scenario, plaintiffs have no cause of action and/or no right of action. Therefore, I concur in the results reached by the majority.