835 So.2d 781 (2002)
RIVER CITY FEDERAL SAVINGS BANK (The CADLE COMPANY)
v.
VIDEO ASSOCIATES, INC., Robert F. Killingsworth, Jr., John H. Skaggs and Wayne M. Bettoney.
No. 2001 CA 2453.
Court of Appeal of Louisiana, First Circuit.
November 8, 2002.
Mark C. Landry, Metairie, for Plaintiff-Appellee the Cadle Co.
Clayton S. Knight, Franklinton, for Defendant-Appellant Wayne M. Bettoney.
Before: FITZSIMMONS, GUIDRY, and PETTIGREW, JJ.
PETTIGREW, J.
In this case, defendant challenges the trial court's judgment granting summary judgment in favor of plaintiff. For the reasons that follow, we reverse the trial court's judgment and dismiss plaintiff's claim as against defendant, for failure to state a cause of action.

FACTS AND PROCEDURAL HISTORY
On October 25, 1988, River City Federal Savings Bank ("River City") filed a "Petition On Note And For Recognition Of Mortgage And Assignment Of Accounts Receivable" against Video Associates, Inc., *782 Robert F. Killingsworth, Jr., John H. Skaggs, and Wayne M. Bettoney, seeking judgment in the amount of $740,000.00 plus interest, attorney fees, and costs, representing the balance owed on a promissory note executed by the parties on December 17, 1987. The record is devoid of any evidence indicating that the defendants were ever served with this original petition. In fact, the citations remain in the record with no returns made by the sheriff's office. River City filed an amending and supplemental petition on November 2, 1988, and included the following notation regarding service: "PLEASE SERVE THE DEFENDANTS WITH COPY OF ORIGINAL AND AMENDING PETITION." However, there is handwriting next to this service request that instructs that the defendants only be served with the amended petition. It is unknown who placed this writing on the pleading.
The clerk issued a supplemental and amending citation and all defendants were personally served with the amending and supplemental petition on November 14, 1988. Apparently, a question subsequently arose as to whether the defendants ever received service of the original petition. In a March 31, 1989 letter addressed to Deputy Knight, the sheriff's deputy who had effected service of the amending petition, counsel for River City asked that the returns be amended to reflect service of the original petition as well as the supplemental and amending petition. In a handwritten note at the bottom of the letter, Deputy Knight indicates as follows: "orig Pet & cit not served atty notified 4-6-89."
Notwithstanding these problems with service, a preliminary default was entered against all defendants on April 5, 1989, and a default judgment was subsequently confirmed in favor of River City on June 2, 1989. Thereafter, on October 9, 1992, Wayne M. Bettoney filed a motion for nullity of judgment, alleging that the June 2, 1989 judgment was obtained by fraud or ill practices and that he was never served with the original petition. A hearing was scheduled for December 4, 1992; however, there is no minute entry in the record for this date. On October 19, 1992, Mr. Bettoney filed a "Motion For Dismissal" in which he moved for dismissal, with prejudice, of "this matter." There is a handwritten note at the bottom of the motion that reads "writ involved." Said dismissal was signed by the trial court on November 2, 1992. While the parties intimate in brief to this court that this dismissal related to Mr. Bettoney's motion for nullity, we are unable to discern from the record exactly what was dismissed via this motion.
On May 28, 1999, The Cadle Company ("Cadle") filed a petition to revive the June 2, 1989 judgment. Cadle alleged that it was the owner of said judgment by virtue of the following transactions:
a. On October 5, 1989, the Office of Thrift Supervision, appointed the Resolution Trust Corporation as receiver for River City Federal Savings Bank. As a result, all of the assets of River City Federal Savings Bank were transferred unto the receiver, including but not limited to the judgment sued upon herein.
b. Resolution Trust Corporation as receiver of River City Federal Savings Bank did transfer the said judgment to Premier Financial Services-Texas, L.P.
c. Premier Financial Services-Texas, L.P. did transfer the said judgment to The Cadle Company, all as evidenced by a bill of sale dated October 5, 1998.
In response to this petition, Mr. Bettoney filed a peremptory exception raising the objection of no right of action. Mr. Bettoney alleged that the June 2, 1989 judgment was an absolute nullity because he "was not served with the pleadings setting forth the basis for any judgment" and that Cadle *783 had no right of action to proceed against him. On October 12, 1999, the trial court signed a judgment in favor of Cadle overruling the no right of action exception.
Thereafter, on July 17, 2000, Cadle filed a motion for summary judgment alleging that it was entitled to a judgment as a matter of law reviving the June 2, 1989 judgment against Mr. Bettoney. In support of its motion for summary judgment, Cadle submitted various documents concerning the assignment and sale of the judgment in question and the affidavit of its account officer, Reva Held. In response to the motion for summary judgment, Mr. Bettoney filed an opposition wherein he alleged that Cadle "did not have a right to proceed against [him] ... as it had not acquired any right or title to the judgment and further, even if any right had been acquired, the right had prescribed on its face on the date of acquisition." After hearing from the parties, the trial court granted summary judgment in favor of Cadle and rendered judgment on July 10, 2001, reviving the June 2, 1989 judgment. It is from this judgment that Mr. Bettoney has appealed, assigning the following specifications of error:
1. The Trial Court erred in denying and dismissing defendant's Exception of No Right of Action.
2. The Trial Court erred in granting warranty rights to transfer documents, changing the stated dates on the documents, and further, in granting a Summary Judgment in favor of plaintiff despite the lack of title. The court erred in finding plaintiff did have ownership or right to the judgment at the time of bringing the suit all despite the fact that the matter had prescribed at the time of the filing of the motion granting summary judgment.
3. The Trial Judge erred by changing a date on a document. The date the judge changed appears in three separate places in the document. The date change moves the document date to before the prescriptive date. No evidence or law cited by the Trial Judge in the Reasons for Judgment which support the assertion of "obvious error" or justify a change in the date of the document.
Moreover, in addition to the instant appeal, Mr. Bettoney has also filed peremptory exceptions raising the objections of no right of action and prescription for our consideration.

DISCUSSION
At the outset, we note that failure to disclose a cause of action may be noticed by an appellate court on its own motion. La.Code Civ. P. art. 927; Capital City Towing & Recovery, Inc. v. City of Baton Rouge, 97-0098, p. 5 (La.App. 1 Cir. 2/20/98), 709 So.2d 248, 251. The function of an exception raising the objection of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235 (La.1993). The question, therefore, is whether, in the light most favorable to plaintiff, and with every doubt resolved in his behalf, the petition states any valid cause of action for relief. Home Distribution, Inc. v. Dollar Amusement, Inc., 98-1692, p. 5 (La.App. 1 Cir. 9/24/99), 754 So.2d 1057, 1060.
As set forth in La.Code Civ. P. art.2002, a final judgment shall be annulled if it is rendered against "a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction." Moreover, La.Code Civ. P. art. 1201 mandates that absent an express waiver, citation and service are essential in all civil actions; without them all proceedings *784 are absolutely null. Personal jurisdiction is defined, in pertinent part, in La. Code Civ. P. art. 6 as follows: "Jurisdiction over the person is the legal power and authority of a court to render a personal judgment against a party to an action or proceeding. The exercise of this jurisdiction requires: (1) The service of process on the defendant, or on his agent for the service of process, or the express waiver of citation and service under Article 1201." This court recently addressed the importance of personal jurisdiction, a tenet that we guard very closely.
The requirement that a court have personal jurisdiction flows not from Article III of the U.S. Constitution, but from the Due Process Clause. The personal jurisdiction requirement recognizes and protects an individual liberty interest. It represents a restriction on judicial power not as a matter of sovereignty, but as a matter of individual liberty.
Sanders v. Sanders, 2000-2899, p. 4 (La. App. 1 Cir. 2/15/02), 812 So.2d 749, 752, writ denied, XXXX-XXXX (La.6/14/02), 818 So.2d 780 (citing Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982)).
It is evident from a review of the instant record that although Mr. Bettoney received personal service of the supplemental and amending petition on November 14, 1988, he never received service and citation with regard to the original October 25, 1988 petition. Moreover, there is no evidence in the record to suggest that Mr. Bettoney ever waived citation and service; nor did he file an answer to the petition. Nonetheless, the trial court allowed River City to proceed with confirmation of a default judgment, resulting in the June 2, 1989 judgment that is now at issue before this court. Because this judgment was clearly obtained without proper service of process, the trial court rendering said judgment had no personal jurisdiction over Mr. Bettoney, thereby resulting in a judgment that is an absolute nullity. See Sam v. Feast, XXXX-XXXX, p. 5 (La.App. 1 Cir. 3/28/01), 802 So.2d 680, 683. Accordingly, Cadle's subsequent petition to revive the judgment fails to state a valid cause of action against Mr. Bettoney. Thus, the trial court erred in granting summary judgment in favor of Cadle and this judgment must be reversed. Moreover, Cadle's petition is hereby dismissed, with prejudice, as it relates to Mr. Bettoney. All other issues raised in the instant appeal are pretermitted.

CONCLUSION
For the above and foregoing reasons, the June 2, 1989 judgment is declared to be an absolute nullity as to Mr. Bettoney. The judgment of the trial court granting summary judgment in favor of Cadle is reversed. Further, judgment is rendered in favor of Mr. Bettoney, dismissing Cadle's suit against him for failure to state a cause of action. All costs associated with this appeal are assessed against Cadle.
REVERSED AND RENDERED.
FITZSIMMONS, J., concurs in the result.