985 So.2d 166 (2008)
Patsy S. TUNNARD and Phillip Dunlap
v.
SIMPLY SOUTHERN HOMES, LLC.
No. 2007 CA 0945.
Court of Appeal of Louisiana, First Circuit.
March 26, 2008.
*167 Mary E. Heck Barrios, Denham Springs, LA, for Appellees, Patsy S. Tunnard and Phillip Dunlap.
Brent B. Boxill, Baton Rouge, LA, for Appellant, Simply Southern Homes, LLC.
Before PARRO, KUHN, and DOWNING, JJ.
PARRO, J.
Appellant, Simply Southern Homes, L.L.C. (SSH), challenges a trial court judgment dismissing its petition to annul a confirmed judgment of default rendered against it. For the reasons that follow, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND
Patsy S. Tunnard and Phillip Dunlap *168 (plaintiffs)[1] filed suit against SSH, seeking damages pursuant to the New Home Warranty Act[2] and/or rescission of the sale of a home they had purchased from SSH. The petition requested that SSH be served through its registered agent, Chris Booty, at 13200 Terry Howze Lane, Denham Springs, Louisiana, 70726. According to the completed sheriff's return in the record, personal service was made on "Simply Southern Homes" on October 18, 2005. SSH never responded to the petition, and on November 23, 2005, a preliminary default was entered against SSH. On February 14, 2006, plaintiffs confirmed the default judgment and obtained a judgment against SSH, ordering it to pay damages totaling $83,322 to plaintiffs, along with attorney fees in the amount of $2,200, plus legal interest and costs of court. Notice of the judgment was mailed by the clerk of court's office to SSH on February 16, 2006.
On August 23, 2006, SSH filed a petition to annul the confirmed judgment of default, contending that it had not been properly served with the citation. Plaintiffs filed an answer to the petition, as well as a reconventional demand seeking to have SSH held in constructive contempt of court. Plaintiffs further sought an award of attorney fees for having to defend the petition to annul. A trial was held on December 4, 2006, after which the trial court found that SSH had not met its burden in overcoming the presumption of correctness afforded the sheriff's return. Therefore, on December 13, 2006, the trial court signed a judgment dismissing SSH's petition at its cost. The judgment also dismissed the reconventional demand filed by plaintiffs. This appeal by SSH followed.[3]

APPLICABLE LAW
Subject to certain exceptions, and absent an express waiver, citation and service thereof are essential in all civil actions. LSA-C.C.P. art. 1201. A judgment rendered against a defendant who has not been served with process as required by law is an absolute nullity. See LSA-C.C.P. arts. 1201(A) and 2002(A)(2); River City Federal Savings Bank (The Cadle Co.) v. Video Associates, Inc., 01-2453 (La. App. 1st Cir.11/8/02), 835 So.2d 781, 783-84, writ denied, 02-2966 (La.4/25/03), 842 So.2d 396.
Service of citation or other process on a domestic or foreign limited liability company is made by personal service on any one of its agents for service of process. LSA-C.C.P. art. 1266(A). Service shall be made by the sheriff of the parish where service is to be made. LSA-C.C.P. art. 1291. Louisiana Code of Civil Procedure article 1292 provides:
The sheriff shall endorse on a copy of the citation or other process the date, place, and method of service and sufficient other data to show service in compliance with law. He shall sign and return the copy promptly after the service to the clerk of court who issued it. The return, when received by the clerk, shall form part of the record, and shall be considered prima facie correct. The court, at any time and upon such terms as are just, may allow any process or proof of service thereof to be amended, *169 unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued.
Although the recitation on the return of the citation is presumed to be correct, the presumption is rebuttable. The party attacking it bears the burden of proving its incorrectness by a preponderance of the evidence. Roper v. Dailey, 393 So.2d 85, 88 (La.1980)(on rehearing); Hall v. Folger Coffee Co., 03-1734 (La.4/14/04), 874 So.2d 90, 97. In general, the uncorroborated testimony of the party attacking service, standing alone, is insufficient to rebut the presumption of prima facie correctness accorded the return. State ex rel. Dep't. of Social Services, Office of Family Support, Support Enforcement Services, 03-0849 (La.App. 1st Cir.3/3/04), 874 So.2d 216, 217-18.
The appellate court's review of factual findings is governed by the manifest error-clearly wrong standard. The two-part test for the appellate review of a factual finding is: 1) whether there is a reasonable factual basis in the record for the finding of the trial court; and 2) whether the record further establishes that the finding is not manifestly erroneous. Mart v. Hill, 505 So.2d 1120, 1127 (La.1987). Thus, if there is no reasonable factual basis in the record for the trial court's finding, no additional inquiry is necessary to conclude there was manifest error. However, if a reasonable factual basis exists, an appellate court may set aside a trial court's factual finding only if, after reviewing the record in its entirety, it determines the trial court's finding was clearly wrong. See Stobart v. State, through Dep't of Transp. and Dev., 617 So.2d 880, 882 (La.1993).
Where factual findings are based on determinations regarding the credibility of witnesses, the trier of fact's findings demand great deference and are virtually never manifestly erroneous or clearly wrong. Secret Cove, LLC v. Thomas, 02-2498 (La.App. 1st Cir.11/7/03), 862 So.2d 1010, 1016, writ denied, 04-0447 (La.4/2/04), 869 So.2d 889. Even though an appellate court may feel its own evaluations and inferences are more reasonable than the fact finder's, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989); Barham & Arceneaux v. Kozak, 02-2325 (La.App. 1st Cir.3/12/04), 874 So.2d 228, 240, writ denied, 04-0930 (La.6/4/04), 876 So.2d 87.

DISCUSSION
In this case, the sheriff's return indicates that personal service was made on "Simply Southern Homes." The return does not specify that such service was made on SSH "through its agent for service of process" as required by LSA-C.C.P. art. 1266(A), and no other information is provided. SSH contends that the sheriff's return is defective, because it does not provide "sufficient other data to show service in compliance with law," as required by LSA-C.C.P. art. 1292. Without citing any authority to support its argument, SSH contends that the failure of the sheriff's return to provide this additional information renders the return invalid on its face and prevents the sheriff's return from enjoying the presumption of correctness in its favor. We disagree.
Article 1292 merely requires that the sheriff's return contain sufficient information to demonstrate that service was properly made. The citation in this matter is directed to Simply Southern Homes through its agent, Chris Booty. This is in compliance with the requirements of LSA-C.C.P. *170 art. 1266 as noted above. The return, which is contained on the same form and page as the citation, further indicates that personal service was indeed made on "the party herein named[,] Simply Southern Homes." It is true that the return does not specify that service was made on Chris Booty; however, after a review of the entire document, we believe that the return provides "sufficient other data to show service in compliance with law." Thus, the return must be considered prima facie correct.
To rebut this presumption, SSH offered only the testimony of Mr. Booty, who testified that he did not receive service of the citation. He attempted to demonstrate that the address at which service had been requested was not the proper address; however, we note that address was the one listed on the articles of organization filed with the secretary of state. According to Mr. Booty, he had been living with his brother-in-law at the time he organized SSH, and he had listed that address as SSH's registered office in the articles of organization filed with the secretary of state. He testified that he later moved to a house at 13220 Terry Howze Lane, but he never changed the address listed with the secretary of state. Nevertheless, Mr. Booty acknowledged that he did receive notification of the confirmed judgment of default at his home after the judgment was rendered. Despite this notice, Mr. Booty did nothing to challenge the confirmed judgment of default for more than six months.
Deputy Irma Mercadel of the Livingston Parish Sheriff's Office testified at trial that she executed the service return, indicating that personal service had been made on SSH. She testified that another officer had attempted service at the listed address, but the paperwork was returned to her after this officer was unable to complete service. However, she also testified that she held the paperwork after it was returned to her, because it was her understanding that someone was going to come by her office and pick it up. She further testified that the paperwork was picked up at her office by a person who identified himself as Chris Booty, and that she would never have executed the return before service had actually been made on that person. She could not identify Mr. Booty in the courthouse, and she acknowledged that she did not ask for identification before giving him the paperwork. However, she testified that in over 34 years of working in the sheriff's office, she had never known of an instance where someone other than the intended recipient had come in to pick up the paperwork for service.
In oral reasons, the trial court apparently assessed the credibility of the parties in rendering judgment in favor of plaintiffs. Although the trial court attempted to avoid discussing Mr. Booty's credibility, it is clear that it concluded that Mr. Booty's story simply was not credible. To that end, the trial court specifically stated that it did not believe that someone other than Chris Booty would have gone to the sheriff's office to receive service in this matter. Thus, the trial court concluded that SSH had not met its burden in overcoming the presumption of correctness accorded to the sheriff's return of service and that proper service had been made on SSH through Mr. Booty.
The parties to this matter presented conflicting evidence on the central issue in this case. After a thorough review of the record in light of the manifest error standard, we find no manifest error in the trial court's findings of fact. Accordingly, the judgment of the trial court is affirmed.

DECREE
For the foregoing reasons, we affirm the judgment of the trial court. All costs of *171 this appeal are assessed to appellant, Simply Southern Homes, L.L.C.
AFFIRMED.
NOTES
[1] Ms. Tunnard and Mr. Dunlap were the plaintiffs in the original action. Although SSH filed the petition to annul the confirmed judgment of default, which is the matter presently before this court, we will refer to Ms. Tunnard and Mr. Dunlap as "plaintiffs" throughout this opinion for consistency.
[2] LSA-R.S. 9:3141, et seq.
[3] The plaintiffs did not appeal the dismissal of their reconventional demand.