McCLENDON, J.
|gThe plaintiffs appeal a judgment of the trial court granting the defendant’s motion *367 for summary judgment that declared a November 9, 2006 judgment in favor of the plaintiffs null and void. For the following reasons, we affirm.
FACTUAL AND PROCEDURAL HISTORY
The defendant, Drake Enterprises, Inc., through its liquidator, Monty McWilliams (Drake), is a Louisiana corporation formed in 1998 and domiciled in East Baton Rouge Parish. In 1998, Drake entered into an Investors Licensing Agreement (the Agreement) with Larry D. Nelson and Chris Blalock. Blalock subsequently sold his interest to Lloyd Smith, who sold all or part of his interest to John Walker. In the Agreement, Drake obtained the sole and exclusive right to manufacture and sell a roofing product invented and patented by Nelson and Blalock.
On March 9, 2006, Smith, Walker, and Nelson, the plaintiffs and appellants herein, filed a Petition for Declaratory Judgment against Drake, seeking a judgment declaring the Agreement null and void.[1] The plaintiffs requested citation and service of process by personal service on Drake’s named registered agent, Rolfe H. MeCollister, Sr. The sheriffs office attempted service on Mr. MeCollister, but it was determined that he was deceased. Thereafter, the plaintiffs requested and obtained citation and service of process on Drake through the Louisiana Secretary of State. The record reflects that service was accomplished on July 14, 2006.
In the meantime, the plaintiffs filed a Motion and Order for Preliminary Default on July 14, 2006, in which they asserted that Drake was served through the secretary of state on June 7, 2006, the delays for filing responsive pleadings had lapsed, and no responsive pleadings had been filed. A preliminary default was entered on July 18, 2006, and, on August 14, 2006, the plaintiffs filed a RMotion to Confirm Default Judgment without Hearing in Open Court pursuant to LSA-C.C.P. arts. 1702 and 1702.1. In their motion to confirm, the plaintiffs alleged that Drake was served through the secretary of state on June 14, 2006.[2] Also attached to the motion to confirm was an Affidavit of Correctness by Lloyd Smith. On November 9, 2006, judgment was signed in favor of the plaintiffs, confirming the default judgment and declaring the Agreement null and void.[3]
On February 1, 2011, Drake filed a Petition to Nullify Judgment. Thereafter, the plaintiffs filed an answer, and on April 15, 2011, Drake filed a motion for summary judgment, asserting that service was not made in accordance with law and that the preliminary default was premature.[4] Following a hearing, the trial court granted Drake’s motion for summary judgment, declaring the 2006 judgment null and void. Judgment to that effect was signed on *368 August 16, 2011, and the plaintiffs appealed.
DISCUSSION
Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966 B; Collins v. Randall, 02-0209 (La.App. 1 Cir. 12/20/02), 836 So.2d 352, 354. In determining whether summary judgment is appropriate, appellate courts conduct a de novo review of the evidence, employing the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. Sanders v. Ashland Oil, Inc., 96-1751 (La.App. 1 Cir. 6/20/97), 696 So.2d 1031, 1035, writ denied, 97-1911 (La.10/31/97), 703 So.2d 29.
The initial burden of proof is on the moving party. However, if the mover 14will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mover’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather, to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action or defense. Thereafter, if the adverse party fails to provide factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. LSA-C.C.P. art. 966 C(2). Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. Pugh v. St Tammany Parish School Board, 07-1856 (La.App. 1 Cir. 8/21/08), 994 So.2d 95, 98, writ denied, 08-2316 (La.11/21/08), 996 So.2d 1113.
Louisiana Code of Civil Procedure article 2002 provides, in pertinent part:
A. A final judgment shall be annulled if it is rendered:
(2) Against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid judgment by default has not been taken.
B. Except as otherwise provided in Article 2003, an action to annul a judgment on the grounds listed in this Article may be brought at any time.
Under LSA-C.C.P. art. 1701 A, a judgment of default or preliminary default may be entered if the defendant in the principal or incidental demand fails to answer within the time prescribed by law.[5] The time prescribed by law is fifteen days after service of citation. LSA-C.C.P. art. 1001.[6] Citation and service are Inessential in all civil actions, subject to certain exceptions and absent an express waiver. A judgment rendered against a defendant who has not been served with process as required by law is an absolute nullity. LSA-C.C.P. art. 1201[7]; Tunnard v. Simply *369 Southern Homes, L.L.C., 07-0945 (La.App. 1 Cir. 3/26/08), 985 So.2d 166,168.
In their appeal, the plaintiffs contend that service and citation in their 2006 suit was perfected in accordance with LSA-C.C.P. arts. 1261 and 1262.[8] The plaintiffs assert that with the due diligence return by the sheriffs office showing that the registered agent was deceased and Drake’s failure to appoint a new registered agent, service through the Louisiana Secretary of State’s office was appropriate. The plaintiffs maintain that none of the alternative service methods in LSA-C.C.P. art. 1261 B were available to them, as the law does not | (¡require a party to undertake a vain and useless act.[9] Thus, they contend that the only remaining alternative service was service on the secretary of state under LSA-C.C.P. art. 1262. The plaintiffs did not address the prematurity issue.
Drake contends, however, that because the plaintiffs failed to attempt service by the alternative methods of service under LSA-C.C.P. art. 1261 B, LSA-C.C.P. art. 1262 was not available to them, and, therefore, service on the secretary of state was without effect. Drake also argues that the preliminary default was taken prematurely, since it was filed on July 14, 2006, the same date that the service of process was made on the secretary of state, and, thus, the preliminary default entered on July 18, 2006, was not valid.
*370 In support of its motion for summary judgment, Drake attached a certified copy of the suit record. No evidence was filed by the plaintiffs in opposition to the motion.
The trial court determined that the preliminary default was taken prematurely as Drake was not given fifteen days within which to answer the petition, as required by LSA-C.C.P. art. 1001, before filing and entering a preliminary default. Furthermore, the trial court found the language of Articles 1261 and 1262 clear. The court stated that only after the methods of service found in Article 1261 are exhausted and the serving officer certifies the attempts, may a plaintiff look to the provisions of Article 1262. The court found that no such certification was made in this case. Thus, the trial court granted the motion for summary judgment, finding that Drake was entitled to judgment as a matter of law.
|7The sheriffs return contained in the record in this matter clearly shows that service on the secretary of state was accomplished on July 14, 2006. The recitation on the return of the citation is presumed correct, although the presumption is rebuttable. LSA-C.C.P. art. 1292; Tunnard, 985 So.2d at 169. The plaintiffs offered no evidence against the correctness of the citation.[10] Drake had fifteen days to answer. LSA-C.C.P. art. 1001. The Motion and Order for Preliminary Default was also filed on July 14, 2006, and the preliminary default was entered on July 18, 2006, only four days after service. This defect was not cured by the subsequent signing of the judgment after the proper delays had expired, since the judgment was invalid upon rendition. See Alphonso v. Cement Product Services, Inc., 499 So.2d 305, 307-08 (La.App. 1 Cir.1986), unit denied, 502 So.2d 112 (La.1987); Cardone v. G & R Service Center Inc., 360 So.2d 244, 245 (La.App. 1 Cir.1978). Thus, the final default judgment obtained without a valid preliminary default is an absolute nullity. See Livingston Parish Police Jury v. Patterson, 589 So.2d 9, 10 (La.App. 1 Cir.1991). See also Corte v. Cash Technologies, Inc., 02-0846 (La.App. 1 Cir. 4/2/03), 843 So.2d 1162, 1166-67.
Because the record is clear that the plaintiffs preliminary default was premature, the November 9, 2006 judgment confirming the default was an absolute nullity, and Drake was entitled to summary judgment as a matter of law. Having found that the entry of the preliminary default was premature, we find it unnecessary to address the validity of the service of process on the secretary of state.
CONCLUSION
For the above reasons, we affirm the August 16, 2011 judgment- of the trial court, declaring the November 9, 2006 judgment in favor of the plaintiffs null and void. Costs of this appeal are assessed to the plaintiffs.
AFFIRMED.

. The plaintiffs alleged that Drake failed to produce and market at least one million squares of roofing shingles for each year of the Agreement and failed to pay them for the failure, which gave the plaintiffs the option to seek a judgment declaring the Agreement null and void.

. The motion to confirm originally had the date of June 7, 2006 typed in as the date that Drake was served through the secretary of state's office, but the "7” was scratched out and replaced with a handwritten "14.”

. At the bottom of the November 9, 2006 judgment there is a handwritten notation that defendant was "served thru S.O.S. 6-7-06”. There is no explanation in the record as to the discrepancy regarding dates of service referenced in the pleadings.

. The prematurity issue was raised by Drake in its reply memorandum in support of its motion for summary judgment filed on August 4, 2011.

. This judgment of default may be confirmed two days exclusive of holidays after the entering of the preliminary judgment of default. See LSA-C.C.P. art. 1702 A.

. Louisiana Code of Civil Procedure art. 1001 provides that "[a] defendant shall file his answer within fifteen days after service of citation upon him, except as otherwise provided by law.”

.Louisiana Code of Civil Procedure art. 1201 provides, in pertinent part:
*369 A. Citation and service thereof are essential in all civil actions except summary and executory proceedings, divorce actions under Civil Code Article 102, and proceedings under the Children's Code. Without them all proceedings are absolutely null.
B. The defendant may expressly waive citation and service thereof by any written waiver made part of the record.

. Louisiana Code of Civil Procedure article 1261, provides, in relevant part:
A. Service of citation or other process on a domestic or foreign corporation is made by personal service on any one of its agents for service of process.
B. If the corporation has failed to designate an agent for service of process, if there is no registered agent by reason of death, resignation, or removal, or if the person attempting to make service certifies that he is unable, after due diligence, to serve the designated agent, service of the citation or other process may be made by any of the following methods:
(1) By personal service on any officer, or director, or on any person named as such in the last report filed with the secretary of state.
(2) By personal service on any employee of suitable age and discretion at any place where the business of the corporation is regularly conducted.
(3) By service of process under the provisions of R.S. 13:3204, if the corporation is subject to the provisions of R.S. 13:3201.
Also, LSA-C.C.P. art. 1262 provides:
If the officer making service certifies that he is unable, after diligent effort, to have service made as provided in Article 1261, then the service may be made personally on the secretary of state, or on a person in his office designated to receive service of process on corporations. The secretary of state shall forward this citation to the corporation at its last known address.

. The plaintiffs contend that personal service on any officer or director named as such in the last report filed with the secretary of state was not possible under LSA-C.C.P. art. 1261 B(l), as there were no officers or directors in Louisiana upon whom personal service could be made. Further, plaintiffs argue that service under LSA-C.C.P. art. 1261 B(2) was not possible as the only location in Louisiana listed for Drake with the secretary of state was the address for its deceased agent. The plaintiffs maintain that because Drake’s officers and directors resided in Tennessee and its place of business was in Tennessee, service under LSA-C.C.P. art. 1261 B(l) or (2) was not possible. Additionally, according to the plaintiffs, service as provided in LSA-C.C.P. art. 1261 B(3), under LSA-R.S. 13:3204, the long-arm statute, was not possible since Drake, a Louisiana corporation, is not a nonresident under LSA-R.S. 13:3201.

. Nor did the plaintiffs make any argument regarding same in their appellate brief.