THERIOT, J.
^Plaintiffs, the widow and surviving children of a deceased patient, appeal a judgment sustaining a declinatory exception raising the objection of insufficiency of service of process and dismissing their malpractice claims without prejudice pursuant to La. C.C.P. art. 1672(C). We vacate and set aside the preliminary default and confirmation of default judgments and affirm the judgment sustaining the declinatory exception and dismissing plaintiffs’ claims against the defendants, Drs. Kenneth Blue and Harold Wexler.
FACTS AND PROCEDURAL HISTORY
Plaintiffs, Betty Pope, Donnie Byrd, James Larry Pope, Judy Williams, Nancy Buhler, and Glenda Lawrence, the surviving spouse and children of Ernest Pope, Sr., filed a suit alleging medical malpractice against Our Lady of the Lake Regional Medical Center (“OLOL”) and Drs. Jonathan Roberts[1], Kenneth Blue, and Harold Wexler. Plaintiffs fax filed their petition on February 21, 2008, and requested that service on defendants be withheld. On June 6, 2008, OLOL filed a declinatory exception raising the objection of insufficiency of service of process due to the plaintiffs’ failure to request service on OLOL within ninety days of commencement of the action in accordance with La. C.C.P. art. 1201(C). OLOL obtained a dismissal of plaintiffs’ claims against OLOL without prejudice on August 16,-2008.
Plaintiffs did not request service on Drs. Blue and Wexler until February 22, 2011. The Sheriffs return shows personal service was made on both Dr. Blue and Dr. Wex-ler on March 1, 2011 at 8080 Bluebonnet Boulevard, Suite 3000, Baton Rouge, Louisiana. Plaintiffs took a |.^preliminary default against Drs. Blue and Wexler on June 15, 2011. Plaintiffs confirmed the preliminary default on the issue of liability on August 23, 2011, and the duty judge referred the matter to the originally-allotted judge for confirmation of the default judgment on damages. On February 17, 2012, the plaintiffs confirmed the default judgment and were awarded $350,000.00 in damages against Dr. Blue and $350,000.00 in damages against Dr. Wexler.
On March 6, 2012, Drs. Blue and Wexler filed a motion for new trial, a declinatory exception raising the objection of insufficiency of service of process, and a motion to dismiss the plaintiffs’ petition. The doctors allege that the Sheriff’s return was incorrect and that there was no personal service. Drs. Blue and Wexler offered their affidavits attesting that they retired from the practice of medicine on April 30, 2008 and December 31, 2009, respectively, and the address listed for service on March 1, 2011 on the Sheriffs return was Louisiana Urology, their former place of business. Both doctors attest that they were not present at Louisiana Urology on March 1, 2011 and were not personally served with the suit. After a hearing, the trial court sustained the declinatory exception and, finding that the default judgment was rendered in error, granted the motion *1063 to dismiss pursuant to La. C.C.P. art. 1672(C)[2].
The plaintiffs filed a motion for new trial, alleging that since the dismissal of their claims, they have discovered that Drs..Blue and|4Wexler sued their attorney for legal malpractice for his failure to timely file responsive pleadings upon receiving notice of the medical malpractice suit. Plaintiffs allege that this suit for legal malpractice proves that Drs. Blue and Wexler had notice of the malpractice suit against them. The trial court denied the motion for new trial, and this appeal followed.
ASSIGNMENTS OF ERROR
On appeal, the plaintiffs allege that the trial court erred: (1) in sustaining the declinatory exception since it was not filed until after the confirmation of the default judgment, (2) in finding that there was no personal service on Drs. Blue and Wexler, and (3) in failing to grant their request for a new trial.
DISCUSSION
Citation and service thereof are essential in civil actions, and without them all proceedings are absolutely null. La. C.C.P. art. 1201(A). Service shall be requested on all named defendants within ninety days of commencement of an action. La. C.C.P. art. 1201(C). This requirement is waived unless the defendant files a decli-natory exception specifically alleging the failure to request service in accordance with La. C.C.P. art. 928. Id. Article 928 requires that the declinatory exception be filed in any event prior to the confirmation of a default judgment.
It is undisputed that plaintiffs did not request service on Drs. Blue and Wexler within ninety days of commencement of the action. When plaintiffs did request service on Drs. Blue and Wexler, over three years after filing suit, the address at which they requested service was the former place of business of the then-retired doctors.
Personal service is made when a proper officer tenders the citation or other process to the person to be served. La. C.C.P. art. 1232. Personal service may be made anywhere the officer making the service may lawfully go to reach the person to' be served. La. C.C.P. art. 1233. While a party may be served at his place of business, such service'is only effected by serving Lthe party personally. Roper v. Dai-ley, 393 So.2d 85, 87 (La.1980). Service on a physician may only be effected by serving the physician’s clerical employee when the physician js not a party to the action. La. C.C.P. art. 1236.
Service shall be made by the sheriff, of the parish where service is to be made or of the parish where the action is pending. La. C.C.P. art. 1291. Louisiana Code of Civil Procedure article 1292 provides:
The sheriff shall endorse on a copy of the citation or other process the date, place, and method of service and sufficient other data to show service in compliance with law. He shall sign and return the copy promptly after the service to the clerk of court who issued it. The return, when received by the clerk, shall form part of the-record, and shall be considered- prima facie correct. The court, at any time and upon such terms as are just, may allow any process or proof of service thereof to be amended, unless it clearly appears that material *1064 prejudice would result to the substantial rights of the party against whom the process issued.
Although the recitation on the return of the citation is presumed to be correct, the presumption is rebuttable. The party attacking it bears the burden of proving its incorrectness by a preponderance of the evidence. Hall v. Folger Coffee Co., 03-1734 (La.4/14/04), 874 So.2d 90, 97; Roper, 393 So.2d 88. In general, the uncorroborated testimony of the party attacking service, standing alone, is insufficient to rebut the presumption of prima facie correctness accorded the return. State ex rel. Dept of Social Services, Office of Family Support, Support Enforcement Services v. Langlois, 03-0849, p. 3 (La. App. 1 Cir. 3/3/04), 874 So.2d 216, 217-18.
The appellate court’s review of factual findings is governed by the manifest error-clearly wrong standard. The two-part test for the appellate review of a factual finding is: 1) whether there is a reasonable factual basis in the record for the finding of the trial court; and 2) whether the record further establishes that the finding is not manifestly erroneous. Mart v. Hill, 16505 So.2d 1120, 1127 (La.1987). Thus, if there is no reasonable factual basis in the record for the trial court’s finding, no additional inquiry is necessary to conclude there was manifest error. However, if a reasonable factual basis exists, an appellate court may set aside a trial court’s factual finding only if, after reviewing the record in its entirety, it determines the trial court’s finding was clearly wrong. See Stobart v. State, through Dept, of Tramp, and Dev., 617 So.2d 880, 882 (La.1993).
Where factual findings are based on determinations regarding the credibility of witnesses, the trier of fact’s findings demand great deference and are virtually never manifestly erroneous or clearly wrong. Secret Cove, LLC v. Thomas, 02-2498, p. 7 (La.App. 1 Cir, 11/7/03), 862 So.2d 1010, 1017, writ denied, 04-0447 (La.4/2/04), 869 So.2d 889. Even though an appellate court may feel its own evaluations and inferences are more reasonable than the fact finder’s, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989); Barham & Arceneaux v. Ko-zak, 02-2325, pp. 14-15 (La.App. 1 Cir. 3/12/04), 874 So.2d 228, 240, writ denied, 04-0930 (La.6/4/04), 876 So.2d 87. Tun-nard v. Simply Southern Homes, L.L.C., 07-0945, p. 4 (La.App. 1 Cir. 3/26/08), 985 So.2d 166,169
Given that the address at which personal service was allegedly made was the doctors’ former place of business arid the doctors had retired from the practice of medicine quite some time before service was allegedly made, we find no manifest error in the trial court’s finding that the doctors proved by a preponderance of the evidence that the Sheriffs return of service was incorrect and there had been no personal service on the doctors.
|7In granting the declinatory exception, the trial court acknowledged the requirement that the declinatory exception be raised prior to the confirmation of a default judgment, but found that “the default judgment was granted in error” since there was no service on the defendants. Thus, the trial court implicitly recognized the nullity of the underlying judgment, although the judgment rendered by the trial court did not explicitly declare the default judgment to be null. Louisiana Code of Civil Procedure article 2164 gives an appellate court the power to render any judgment that is just, legal, and proper upon the record on appeal. Valid service *1065 never having been made, the default judgment against the defendant doctors is an absolute nullity.[3] Under the circumstances presented in this case, we conclude that the application of La. C.C.P. art. 2164 militates in favor of this court granting relief to the defendants. See Dicta Realty Associates v. Conrad, 230 So.2d 595 (1970); Cycle Sport, LLC v. Jones, 06-2402 (La. App. 1 Cir. 9/14/07), 2007 WL 2685160 (unpublished). Therefore, we vacate and set aside the June 15, 2011 judgment of preliminary default, the August 23, 2011 judgment confirming the default on the issue of liability and the February 17, 2012 judgment confirming the preliminary default against Drs. Blue and Wexler. We affirm the February 20, 2013 judgment sustaining the declinatory exception and dismissing plaintiffs’ claims without prejudice.
Plaintiffs also allege on appeal that the trial court erred in denying its motion for new trial based on the discovery of new evidence. In their motion for new trial, plaintiffs allege that the defendant doctors had filed a Ijegal malpractice suit against their attorney in which they alleged that their attorney had received a copy of the petition in the medical malpractice suit, but had failed to file responsive pleadings, resulting in a default judgment against the doctors. Plaintiffs argue that the legal malpractice suit proves that Drs. Blue and Wexler had knowledge of the medical malpractice suit prior to the default judgment.
A new trial shall be granted upon contradictory motion of any party when the judgment appears clearly contrary to the law and the evidence or when the party has discovered new evidence which he could not have obtained before or during trial. La. C.C.P. art. 1972. A new trial may be granted if there is good ground therefor. La. C.C.P. art. 1973. Louisiana jurisprudence is clear that a new trial should be ordered when the trial court, exercising its discretion, is convinced by its examination of the facts that the judgment would result in a miscarriage of justice. Bush v. Cannata’s Supermarket Inc., 612 So.2d 794, 797 (LaApp. 1 Cir.1992). However, on appeal, the denial of a motion for new trial should not be reversed unless there has been an abuse of the trial court’s discretion. McCray v. J/H/J, Inc., 99-2283, (LaApp. 1 Cir. 11/3/00), 769 So.2d 1273,1277.
The fact that the doctors’ attorney may have received a copy of the medical malpractice suit does not change the fact that the doctors were not properly served with the suit and any judgment against them without service is null. Thus, we find no abuse of discretion in the trial court judgment denying plaintiffs’ motion for new trial.
DECREE
The June 15, 2011 judgment of preliminary default, the August 23, 2011 judgment confirming liability and the February 17, 2012 judgment confirming the default judgment taken against Drs. Blue and Wexler are |9vacated and set aside. The February 20, 2013 judgment sustaining the declinatory exception and dismissing plaintiffs’ claims without prejudice is affirmed. *1066 Costs of this appeal are to be borne by the plaintiffs.
JUDGMENT OF DISMISSAL AFFIRMED; JUNE 15, 2011 JUDGMENT OF PRELIMINARY DEFAULT, AUGUST 23, 2011 JUDGMENT CONFIRMING DEFAULT ON THE ISSUE OF LIABILITY, AND FEBRUARY 17, 2012 JUDGMENT CONFIRMING DEFAULT JUDGMENT ARE ALL VACATED.

. There is no mention in the record of Dr. Roberts ever being served with the suit or of any judgment against him.

. Louisiana Code of Civil Procedure article 1672(C) provides for an involuntary dismissal without prejudice where a plaintiff has not requested service in accordance with the requirements of La. C.C.P. art. 1201(C).

. When the appellate court notices an absolute nullity, the court is likewise empowered to vacate or correct the judgment on its own motion. See Mack v. Wiley, 2007-2344 (La. App. 1 Cir. 5/2/08), 991 So.2d 479, 486, writ denied, 2008-1181 (La.9/19/08), 992 So.2d 932; see also Winder v. George, 2007-0314, p. 5 & n. 6 (La.App. 1 Cir. 12/21/07), 2007 WL 4532139 (unpublished) (Pursuant to the appellate court's authority under La. C.C.P. art. 2164 to render a judgment "which is just, legal, and proper upon the record on appeal,” the court amended a judgment to vacate the absolutely null portion.)