GUIDRY, J.
Defendants, Hector Lopez and Lopez Mechanical, Inc., appeal from a judgment of the trial court denying their motion to set aside and/or annul the default judgment rendered against them. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
On November 30, 2015, Southern Pipe and Supply Company, Inc. ("Southern Pipe") filed a petition, naming Hector Lopez and Lopez Mechanical, Inc. (collectively "Lopez") as defendants, alleging that Southern Pipe had sold Lopez plumbing supplies and related materials, equipment, and movables for which payment had not been made and made demand for payment and attorney's fees. Counsel requested service of the petition, by personal service only, on Hector Lopez, individually and as agent for service of process for Lopez Mechanical, Inc.
Thereafter, on October 12, 2016, Southern Pipe, through its attorney Francis R. White, III, filed a motion to enter preliminary default, asserting that personal service had been made on Hector Lopez and Lopez Mechanical, Inc. on December 10, 2015, and that neither party had filed an answer or responsive pleading. According to the court minutes, the trial court ordered the entry of a preliminary default on October 14, 2016. On October 18, 2016, Southern Pipe filed a Rule 9.19 Certificate, seeking to confirm the default judgment in this matter. Also on this date, Francis White filed a motion to substitute counsel of record, seeking to substitute himself for Fritz B. Ziegler, who had filed the petition on behalf of Southern Pipe. The trial court subsequently signed a judgment on November 29, 2016, finding Southern Pipe had made full proof of its claims and rendering judgment in favor Southern Pipe and against Lopez in the amount of $8,285.06, plus attorney's fees of $2,000. The trial court also signed an order on the same date, ordering that Francis White be substituted as counsel of record for Southern Pipe.
On April 3, 2017, Lopez filed a motion to set aside and/or annul the default judgment asserting the judgment is absolutely null because: (1) at the time the preliminary default was filed and entered in the instant matter, Francis White was not the attorney of record for Southern Pipe, and therefore, the preliminary default signed by him is invalid and could not form the basis for the subsequent confirmation of default judgment and (2) Hector Lopez *188 was never served with the petition, either in his individual capacity or on behalf of Lopez Mechanical, Inc.
The trial court held a hearing on Lopez's motion on May 11, 2017. At the hearing, Southern Pipe entered into evidence the sheriff's returns dated December 10, 2015, indicating personal service on Hector Lopez, individually and as agent for service of process for Lopez Mechanical, Inc. Southern Pipe also presented the testimony of Stephen Griffin, who was employed by the Jefferson Parish Sheriff s Office and served process on Hector Lopez on December 10, 2015. Hector Lopez also testified at the hearing. After reviewing the evidence and listening to the testimony of the witnesses, the trial court found that Lopez had failed to overcome the presumptive correctness of the sheriff's returns. The trial court thereafter signed an order denying Lopez's motion to set aside and/or annul the default judgment.
Lopez now appeals from the trial court's judgment.
DISCUSSION
Absent an express waiver, citation and service thereof are essential in all civil actions. La. C.C.P. art. 1201. A judgment rendered against a defendant who has not been served with process as required by law is an absolute nullity. See La. C.C.P. arts. 1201 and 2002(A)(2). Tunnard v. Simply Southern Homes, LLC, 07-0945, p. 3 (La. App. 1st Cir. 3/26/08), 985 So.2d 166, 168.
Pursuant to La. C.C.P. art. 1261(A), service of citation or other process on a domestic corporation is made by personal service on any one of its agents for service of process. Service of process directed to a corporate defendant and made on one other than the person authorized to accept service is illegal and without effect. State v. Kee Food, Inc., 17-0127, p. 8 (La. App. 1st Cir. 9/21/17), 232 So.3d 29, 34, writ denied, 17-1780 (La. 12/5/17), 231 So.3d 632. Personal service is made when a proper officer tenders citation and other process to the person to be served. La. C.C.P. art. 1232.
Service shall be made by the sheriff of the parish where service is to be made or of the parish where the action is pending. La. C.C.P. art. 1291. A sheriff's return reflecting service is considered prima facie correct. La. C.C.P. art. 1292. However, while the recitation on the return of citation is presumed to be correct, the presumption is rebuttable. The party attacking it bears the burden of proving its incorrectness by a preponderance of the evidence. Roper v. Dailey, 393 So.2d 85, 88 (La. 1980) (on rehearing); Hall v. Folger Coffee Company, 03-1734, pp. 6-7 (La. 4/14/04), 874 So.2d 90, 97. In general, the uncorroborated testimony of the party attacking service, standing alone, is insufficient to rebut the presumption of prima facie correctness accorded the return. State ex rel. Department of Social Services, Office of Family Support, Support Enforcement Services v. Langlois, 03-0849, p. 3 (La. App. 1st Cir. 3/3/04), 874 So.2d 216, 217-218.
A determination of whether a party challenging the validity of a sheriff s return of service has presented sufficient evidence to rebut the presumption of correctness is a factual question subject to the manifest error standard of review. See Hall, 03-1734 at pp. 9-10, 874 So.2d at 98. Under the manifest error standard, a court of appeal may not set aside a trial court's finding of fact in the absence of manifest error or unless it is clearly wrong. Rosell v. ESCO, 549 So.2d 840, 844(La. 1989). Moreover, where factual findings are based on determinations regarding the credibility of witnesses, the trier of fact's *189 findings demand great deference and are virtually never manifestly erroneous or clearly wrong. Pope v. Roberts, 13-1407, p. 6 (La. App. 1 Cir. 4/16/14), 144 So.3d 1059, 1064. Even though an appellate court may feel that its own evaluations and inferences are more reasonable than the fact finder's, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Rosell, 549 So.2d at 844 ; Tunnard, 07-0945 at p. 4, 985 So.2d at 169.
In the instant case, the sheriff's return indicates that personal service was made on Hector Lopez individually and as agent for service of process for Lopez Mechanical, Inc. on December 10, 2015, at the business address of Lopez Mechanical, Inc. As such, the sheriff's return is prima facie correct. To rebut the presumption of correctness, Hector Lopez testified at the hearing on the motion to set aside and/or annul that he was never served with the petition, either in his individual capacity or on behalf of Lopez Mechanical, Inc. Furthermore, in an attempt to support his argument that the sheriff's return is incorrect and service was not accomplished on him, Hector Lopez stated that his father, also named Hector Lopez, was the only person at the business address of Lopez Mechanical, Inc. However, Hector Lopez did not offer the testimony of his father to corroborate that the father was the only one at the shop on that date or that he received service of process.
Stephen Griffin, who was employed by the Jefferson Parish Sheriff's Office and who served process on Hector Lopez on December 10, 2015, also testified at trial. Griffin stated that he had been a process server for the Jefferson Parish Sheriff's Office for twenty years and stated that he served Hector Lopez at the business address of Lopez Mechanical, Inc. On cross-examination by counsel for Lopez, questioning whether Griffin in fact served the correct Hector Lopez, Officer Griffin stated: "I asked for Hector Lopez. And he said, I'm Hector Lopez. And I gave it to him." Furthermore, while Griffin could not identify Hector Lopez at the hearing as the individual that he served, he stated that he had served over 6,000 papers since 2015, and essentially could not remember.
From our review of the record, we cannot find that the trial court was manifestly erroneous in finding that Lopez failed to rebut the presumption of correctness accorded the sheriff's return of service and that proper service had been made on Lopez. Lopez offered only the testimony of Hector Lopez that he did not receive service of process and presented no corroborating testimony that service was made on someone other than him. See Tunnard, 07-0945, at pp. 3 and 5-6, 985 So.2d at 169-170 ; see also Hatfield v. Cloud, 13-1408, pp. 2-3 (La. App. 3rd Cir. 5/7/14), 2014 WL 1802903 (unpublished opinion), writ denied, 14-1193 (La. 9/19/14), 149 So.3d 248.
Furthermore, we find no merit in Lopez's argument that the default judgment should be set aside because the preliminary default was obtained by an attorney who was not enrolled as counsel of record in the lawsuit. As noted above, Francis White filed the motion for preliminary default on October 12, 2016, and six days thereafter, filed a motion to substitute counsel of record, seeking to substitute himself for Fritz B. Ziegler, who had filed the petition on behalf of Southern Pipe. However, the trial court did not sign the order approving the substitution of counsel until November 29, 2016, the same date it signed the default judgment in favor of Southern Pipe.
*190 Louisiana District Court Rule 9.12 provides that "attorneys in good standing may enroll as counsel of record" and provides for the procedure by which an attorney can formally enroll in a case, but it does not provide for any penalty for failure to do so. See Tasch, Inc. v. Horizon Group, 08-0635, p. 4 (La. App. 4th Cir. 1/7/09), 3 So.3d 562, 565. Furthermore, La. C.C.P. art. 863, relied on by Lopez, requires that "[e]very pleading of a party represented by an attorney... be signed by at least one attorney of record..." The effect of failure to sign a pleading is that the pleading "shall be stricken unless promptly signed after the omission is called to the attention of the pleader." La. C.C.P. art. 863(C). However, as implied by the language of La. C.C.P. art. 863(C), this technical defect is curable. See Martin v. Decker, 07-1838, pp. 8-9 (La. App. 1st Cir. 3/26/08), 985 So.2d 752, 757-758, writ denied, 08-1405 (La. 10/3/08), 992 So.2d 1014. In the instant case, counsel filed a motion to substitute counsel of record within a few days of filing the motion to enter a preliminary default and before he filed the certificate seeking to confirm the preliminary default. Furthermore, the order approving the substitution of counsel was signed the same date as the default judgment. As such, this technical defect was cured, and Lopez has failed to present any other legal authority that the default judgment is absolutely null.
CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court. All costs of this appeal are assessed to Hector Lopez and Lopez Mechanical, Inc.
AFFIRMED.