HIGGINBOTHAM, J.
Pro se plaintiffs-appellants, Rita and Sommer Brown, attempt to appeal a judgment on the merits dismissing their consolidated claims seeking damages for false arrest. However, because Rita and Sommer's appeals were dismissed by the trial court for non-payment of appeal costs, the initial and primary issue is whether this court has jurisdiction to maintain these consolidated appeals.[1]
FACTS AND PROCEDURAL HISTORY
On December 16, 2014, Rita and Sommer Brown filed separate actions against the Terrebonne Parish Sheriff's Office, Sheriff Jerry J. Larpenter, and an unnamed insurance company, seeking damages for false arrests. The arrests were made pursuant to outstanding warrants issued due to Rita and Sommer's failure to appear at a judgment debtor rule concerning a debt owed to R.V. Cazayoux, L.L.C.[2] The separate lawsuits were consolidated in the trial court on April 9, 2015. On May 7, 2015, the Sheriff's Office was dismissed from the litigation pursuant to a consent judgment.
The matter proceeded to a bench trial against Sheriff Larpenter on October 19, 2016, and the trial court ultimately ruled in favor of Sheriff Larpenter, dismissing all claims made by Rita and Sommer in a judgment signed on November 7, 2016. Although Rita and Sommer were both represented by counsel at trial, on December 7, 2016, they each filed separate pro se appeals from the November 7, 2016 judgment. In their pro se motions for appeal, both Rita and Sommer acknowledged that the clerk of court had mailed notice of the November 7, 2016 judgment. We further note that a supplement to the appellate court record concerning all service *867 returns indicates that notice of the judgment on the merits was served on Rita and Sommer's counsel of record on November 16, 2016.[3] The trial court signed orders granting the pro se appeals on December 12, 2016, and then inexplicably signed another order granting an appeal to both Rita and Sommer, filed by their counsel of record, on January 3, 2017. A notice of appeal was issued on December 14, 2016, for the pro se appeals and on January 4, 2017, for the counseled appeal.
On February 14, 2017, Sheriff Larpenter filed a motion in the trial court to dismiss all of the appeals for non-payment of appeal costs. The initial hearing on the motion to dismiss the appeals was scheduled for March 22, 2017. The supplement to the appellate court record regarding all service returns indicates that notice of the March 22, 2017 hearing was served on Rita and Sommer through their counsel of record on March 1, 2017. At the hearing, counsel for Sheriff Larpenter was present, but neither Rita or Sommer, nor their counsel made an appearance. Counsel for Sheriff Larpenter indicated to the trial court that while some appeal costs had been paid, there was a remaining amount owed to the court reporter, and therefore, Sheriff Larpenter's counsel moved to continue the hearing to allow notice to Rita and Sommer of the outstanding amount due. The record reflects that the notice of the amount due was mailed by the court reporter to Rita, with the attached invoice, via certified mail on March 24, 2017.[4] The trial court continued the matter to April 21, 2017; however, the appellate record does not contain evidence that any notice regarding the new hearing date on the motion to dismiss appeals was sent to either Rita or Sommer, or their counsel of record.
At the April 21, 2017 hearing, counsel for Sheriff Larpenter was present along with his sole witness, the Clerk of Court for Terrebonne Parish, Theresa Robichaux, who testified that Rita and Sommer had an outstanding balance due of $341.25 for appeal costs. Rita and Sommer made no appearance at the hearing. Their counsel of record was also absent. Following a closing statement made by Sheriff Larpenter's counsel, including information that Rita and Sommer's counsel had waived his appearance at the hearing due to his clients' nonpayment of costs, the trial court dismissed all appeals related to the judgment signed on November 7, 2016.[5] The judgment dismissing all appeals was signed by the trial court on April 21, 2017. The supplemented appellate record contains a note that counsel for Rita and Sommer was notified of the judgment on May 3, 2017, but was never actually served with a copy of the judgment dismissing the appeals.[6]
On May 19, 2017, Rita filed a pro se "Motion to Set Aside Hearing" and Sommer *868 filed an identical motion in the consolidated action on the same date. Rita and Sommer indicated that the reason they were asking the trial court to set aside the dismissal of their appeals and to grant a hearing was because "they were not personally served or notified by [the trial] court [or] personally and through [their] attorney of record ... of the trial judgment... rendered on October [20], 2016, and signed on November 7, 2016." The trial court denied Rita and Sommer's motion on May 22, 2017. A week later, on May 31, 2017, Rita and Sommer filed pro se notices of appeal that are identical to their appeals filed on December 7, 2016, seeking appeal of the November 7, 2016 judgment.
On June 11, 2017, the trial court signed the orders granting the pro se appeals, but the order does not reference the date of the judgment being appealed. A Notice of Appeal was issued on June 14, 2017, specifically referencing the November 7, 2016 judgment as requested in Rita and Sommer's motions. The appeals were consolidated for consideration when lodged with this court. Proof of payment of the outstanding appeal costs by both Rita and Sommer appear in the appellate record, recorded in June, July, and September 2017.
On September 26, 2017, this court issued an Amended Rule to Show Cause Order to the parties, ex proprio motu , concerning whether the consolidated appeals should be dismissed, since the pro se appeals filed by Rita and Sommer on May 31, 2017, both related to the November 7, 2016 judgment on the merits, and therefore, appeared to have been untimely filed pursuant to La. Code Civ. P. art. 2087. In a footnote on the Rule to Show Cause Order, this court noted that the prior motions for appeal regarding the November 7, 2016 judgment were apparently dismissed by the trial court on April 21, 2017. Additionally, Sheriff Larpenter filed a motion in this court to dismiss Rita and Sommer's appeals, again asserting that the appeal costs were not timely paid. Rita and Sommer responded, claiming that they were confused as to the amount they were required to pay for appeal costs and they had experienced a number of tragedies in their family during the time that they filed their motions for appeal. Rita and Sommer also indicated that they were never notified of the April 21, 2017 hearing regarding the motion to dismiss their appeals, which was ultimately granted by the trial court. The rule to show cause and Sheriff Larpenter's motion to dismiss were referred to this panel assigned to hear these consolidated appeals.
JURISDICTION
Louisiana Code of Civil Procedure article 2087 provides that a devolutive appeal may be taken within sixty days of the expiration of the delay for applying for a new trial, or if no application has been filed timely, then within sixty days of the date of the mailing of the notice of the trial court's refusal to grant a timely application for a new trial. Rita and Sommer's original motions for appeal of the November 7, 2016 judgment were timely filed on December 7, 2016. Further, we note that the supplementation of the appellate court record shows that personal service of the November 7, 2016 judgment was made on Rita and Sommer's counsel of record on November 16, 2016. Thus, while Rita and Sommer claim that they were never personally notified of the original November 7, 2016 judgment in their motion to set aside the trial court's dismissal of their appeals, the record does not support their claims in that regard. It is well settled that notice to an attorney of record is notice to the client.
*869 Jones v. Rodrigue, 2000-0899 (La. App. 1st Cir. 11/3/00), 771 So.2d 275, 281. Further, the record does not disclose any indication to the court that Rita and Sommer were no longer being represented by counsel of record at that time.
More troublesome, however, is the challenge made by Rita and Sommer concerning notice of the new hearing date set for April 21, 2017, on Sheriff Larpenter's motion to dismiss Rita and Sommer's appeals for nonpayment of appeal costs. Due to the pro se status of Rita and Sommer in these consolidated appeals, it is difficult to ascertain the intent of their arguments in brief.[7] Their show cause response is directed to the lack of notice of the April 21, 2017 hearing date, and their brief on the merits appears solely directed to the original judgment of November 7, 2016, and the alleged liability of Sheriff Larpenter for false arrest damages.
In light of the pro se status of Rita and Sommer on appeal, and the policy favoring appeals, we find that Rita and Sommer's pro se appeals filed shortly after the denial of their motion to set aside the hearing on the dismissals were obviously directed at the April 21, 2017 judgment dismissing their original appeals. Because Rita and Sommer, and their counsel of record, were clearly not served with notice of the new hearing date on April 21, 2017, we will maintain these consolidated appeals despite a misstatement of the date of the judgment intended to be appealed. See Phi Iota Alpha Fraternity, Inc. v. Schedler, 2014-1620 (La. App. 1st Cir. 9/21/15), 182 So.3d 998, 1002. See also State, Dept. of Transp. & Development v. Estate of Summers, 527 So.2d 1099, 1101-02 (La. App. 1st Cir. 1988). Moreover, this court has held that the dismissal of an appeal by a trial court is a final judgment that can be appealed. Williamson v. Serv Tech Specialists of Baton Rouge, Inc., 521 So.2d 666, 668 n. 2 (La. App. 1st Cir. 1988).
Due to the lack of evidence concerning service on Rita and Sommer informing them of the new hearing date on April 21, 2017, we find that the trial court improperly dismissed Rita and Sommer's appeals. The April 21, 2017 judgment of dismissal is absolutely null and must be vacated. See La. Code Civ. P. arts. 2002(A)(2) and 2164. See also Pope v. Roberts, 2013-1407 (La. App. 1st Cir. 4/16/14), 144 So.3d 1059, 1064-65 n. 3 ("When the appellate court notices an absolute nullity, the court is likewise empowered to vacate or correct the judgment on its own motion"); and Tunnard v. Simply Southern Homes, L.L.C., 2007-0945 (La. App. 1st Cir. 3/26/08), 985 So.2d 166, 168 ("A judgment rendered against a defendant who has not been served with process as required by law is an absolute nullity.") Thus, we deny Sheriff Larpenter's motion to dismiss these consolidated appeals. Finding that we have jurisdiction over these consolidated appeals that were timely filed, we recall the rule to show cause order, maintain the appeals, and now consider the merits of the November 7, 2016 judgment.
DISCUSSION ON THE MERITS
Rita and Sommer maintain that they were falsely arrested because they were never served with the judgment debtor *870 rule, and thus, were unaware that they were required to be in court on November 22, 2013, to answer the claims of R.V. Cazayoux, L.L.C. At the trial of Rita and Sommer's false arrest claims on October 19, 2016, a process server for Terrebonne Parish, Deputy Howard Andrews, testified that he personally served Rita and Sommer on November 4, 2013, at 11:40 a.m. at their residence. Deputy Andrews indicated that both Rita and Sommer identified themselves and he gave them the judgment debtor citation requiring them to be in court to answer the claims on November 22, 2013. Conversely, both Rita and Sommer testified that they were never served and they were both at work that day, although a witness for Sommer's place of employment testified that there was no record of Sommer being at work on November 4, 2013, and she was not paid for that day.[8] Rita conceded that someone at her house might have received the papers from Deputy Andrews or her attorney of record may have been served. However, Rita and Sommer steadfastly claimed that they did not know to show up in court for the judgment debtor rule because they did not know about the court date. They likewise stated that they were unaware of any warrants issued for their arrest after they did not appear in court.
Deputy Andrews' supervisor, Captain David Gros, Jr., testified that he had never received any complaints about Deputy Andrews' work as a process server. He also stated that he had not received a formal complaint from Rita and Sommer, but he remembered a conversation about them saying they had not been served. Captain Gros verified that no disciplinary action had been taken toward Deputy Andrews, and he took Deputy Andrews' word that he had personally served two females identifying themselves as Rita and Sommer as documented.
Captain Thomas Glover was the deputy who executed the warrants for Rita and Sommer's arrests. He arrested Sommer on December 12, 2013, at her residence. He testified that he initially went to Rita and Sommer's residence on December 9, 2013, but was unsuccessful in making contact with anyone at the residence. He left his business card at that time. He followed up on December 12th, and was able to arrest Sommer at that time. According to Deputy Glover, a male who identified himself as Rita's husband answered the door after he knocked. Rita's husband indicated that both Rita and Sommer were at work, but Deputy Glover asked if he could check the residence for their presence. He was given permission to search the residence and he found Sommer hiding in a closet. Deputy Glover removed Sommer from the closet, handcuffed her, and arrested her on the outstanding warrant. Sommer informed him that she did not know anything about the missed court date, but Deputy Glover transported Sommer to the Terrebonne Parish jail where she was booked on a failure to appear charge. Deputy Glover contacted Rita through a resource officer at the school where Rita was working. Rita called Deputy Glover and he informed her of the arrest warrant, the arrest of Sommer, and an opportunity to turn herself in at the jail rather than him coming to her place of employment. Rita went to the Sheriff's Office the next day, and that is when she was arrested and charged with failure to appear. Both Rita and Sommer bonded out of jail on the same day as their arrests. Deputy Glover testified that he did *871 not execute Rita and Sommer's arrest warrants any differently than he normally did, and he was not disciplined for his actions connected with the arrests.
Rita and Sommer testified about very different experiences concerning their arrests. Sommer stated that on December 12, 2013, she was not aware of any warrant for her arrest. She testified that Deputy Glover found her hiding in a closet and she was afraid, because she heard the deputy yelling about where they were and how he was going to find Rita. Sommer also claimed that her arrest was made very forcefully and she was pushed outside with neighbors watching the "big commotion." Rita testified that Deputy Glover harassed her at work about turning herself in, so she went to the Sheriff's Office to make a complaint and that was when she was arrested. She stated that she pleaded with Deputy Glover to not arrest her, because she was not aware of missing a court date. She claimed that she was embarrassed and humiliated and was eventually terminated from her teaching job over the incident.
After listening to all of the testimony and weighing the evidence offered, the trial court ruled in favor of Sheriff Larpenter, finding that Rita and Sommer were properly served on November 4, 2013, regarding the judgment debtor rule court date in the R.V. Cazayoux, L.L.C. matter.[9] When Rita and Sommer failed to appear in court as summoned, the trial court found that their arrests were proper and that the arresting officer did nothing wrong. Consequently, the trial court dismissed Rita and Sommer's lawsuit and cast them with all costs.
This case involves credibility determinations on the part of the trial court made after the parties presented conflicting evidence on the central issue of service of process. An appellate court must not reverse a trial court's credibility determinations unless there is manifest error. If a reasonable factual basis exists, an appellate court may set aside a trial court's factual finding only if, after reviewing the record in its entirety, it determines the trial court was clearly wrong. See Stobart v. State through Dept. of Transp. and Development, 617 So.2d 880, 882 (La. 1993). Where factual findings are based on determinations regarding the credibility of witnesses, the trial court's findings of fact demand great deference and are virtually never manifestly erroneous or clearly wrong. Secret Cove, L.L.C. v. Thomas, 2002-2498 (La. App. 1st Cir. 11/7/03), 862 So.2d 1010, 1016, writ denied, 2004-0447 (La. 4/2/04), 869 So.2d 889. Even though an appellate court may feel its own evaluations and inferences are more reasonable than that of the trial court, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. See Rosell v. ESCO, 549 So.2d 840, 844 (La. 1989) ; and Barham & Arceneaux v. Kozak, 2002-2325 (La. App. 1st Cir. 3/12/04), 874 So.2d 228, 240, writ denied, 2004-0930 (La. 6/4/04), 876 So.2d 87. Our thorough review of the record does not reveal any manifest error on the part *872 of the trial court. Therefore, we affirm the trial court's dismissal of Rita and Sommer's lawsuit in the November 7, 2016 judgment on the merits.
CONCLUSION
For the assigned reasons, we deny the motion to dismiss, recall the rule to show cause order, and maintain the appeals. Additionally, we vacate the trial court's dismissal judgment dated April 21, 2017, and affirm the trial court's November 7, 2016 judgment on the merits in favor of Sheriff Larpenter. All costs of these consolidated appeals are assessed equally to plaintiffs-appellants, Rita and Sommer Brown, and defendant-appellee, Sheriff Jerry J. Larpenter.
MOTION TO DISMISS APPEALS DENIED; RULE TO SHOW CAUSE ORDER RECALLED; APPEALS MAINTAINED; APRIL 21, 2017 JUDGMENT VACATED; NOVEMBER 7, 2016 JUDGMENT AFFIRMED.

This court, ex proprio motu , issued a rule to show cause order regarding the apparent untimeliness of the consolidated appeals. Following that order, the defendant/appellee filed a motion in this court to dismiss the plaintiffs/appellants' appeals for lack of jurisdiction. On December 11, 2017, both the rule to show cause and the motion to dismiss were referred to this panel, which is assigned these appeals.

R.V. Cazayoux, L.L.C., obtained a judgment against Rita and Sommer and then intervened in these consolidated actions, seeking full payment on the past due amounts contained in the judgment. A stipulation was entered at the trial on the merits of these consolidated actions, stipulating that in the event that Rita and Sommer prevailed in their lawsuits against Sheriff Larpenter, the intervenor was entitled to have any judgment awarding damages to Rita and Sommer be apportioned to allow for the outstanding damages, attorney fees, and court costs to take precedence and priority over Rita and Sommer's recovery. The validity of the judgment against Rita and Sommer and the intervention are not at issue in these appeals.

The appellate court record was supplemented with all available trial court service returns on March 5, 2018.

According to counsel for Sheriff Larpenter, the return receipt for the certified letter was signed by Rita on March 28, 2017. While the record reflects that the return receipt was offered into evidence along with the letter and attached invoice, the appellate record does not contain a copy of the return receipt.

Sheriff Larpenter's counsel indicated that he had a letter in his file from Rita and Sommer's counsel of record advising that he had informed Rita and Sommer that if they did not pay the costs, he would waive his appearance at the hearing. However, a copy of the letter is not in the appellate court record.

The April 21, 2017 judgment contains a stamp dated April 24, 2017, that states: "Service Accepted-Citation and Other Notices Waived-All Other Rights Reserved".

We note that Rita and Sommer's pro se briefs do not comply with Uniform Rules-Courts of Appeal, Rule 2-12.4, in numerous particulars: there are no specification of errors, the arguments are not confined strictly to the issues of the case, and there are no citations to the record or authorities relied upon. In the interest of justice, however, this court reads pro se filings indulgently and attempts to construe briefs as though assignments of error were properly raised. See Reed v. State, Dept. of Public Safety and Corrections, 2014-1468 (La. App. 1st Cir. 4/24/15), 2015 WL 1882725 *1 (unpublished opinion).

Counsel for Sommer introduced a copy of a transaction summary for November 4, 2013, that appeared to show that Sommer worked with two customers in the afternoon that day, but when the trial court asked where the proof was that Sommer was working at the time of service in the morning, Sommer had no proof to offer.

A sheriff's return reflecting service is considered prima facie correct and the party attacking it bears the burden of proving its incorrectness by a preponderance of the evidence. State ex rel. Dept. of Social Services, Office of Family Support, Support Enforce. Ser. v. Langlois, 2003-0849 (La. App. 1st Cir. 3/3/04), 874 So.2d 216, 217. In general, the uncorroborated testimony of the party attacking service, standing alone, is insufficient to rebut the presumption of prima facie correctness accorded the sheriffs return. Id. at 217-18. While the actual service returns concerning the judgment debtor rule are not in the record, we note that the parties stipulated that R.V. Cazayoux, L.L.C. obtained a judgment against Rita and Sommer for $10,760.00, plus interest and attorney fees.