NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2021 CA 1200

JACQUES DODSON, SR.

VERSUS

SCOTT O. BRAME, FIRST FIDELITY MORTGAGE D/B/A SOUTHERN
FUNDING MORTGAGE, JAMES REICHMAN ABC INSURANCE
COMPANY, XYZ, INDIVIDUALLY, WILLIAM WOODS, BOB
COLOGNE, TOM WILSON COMMONWEALTH TITLE COMPANY,
EAST BATON ROUGE SHERIFF'S OFFICE, WILLIAM NICHOLS,
WHITE OAK SERVICING AND RED RIVER BANK

Judgment Rendered: JUL 1 1 2022

Appealed from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket Number C694519
The Honorable Ronald R. Johnson, Judge Presiding

\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Jacques Dodson, Sr.
Baker, LA

Plaintiff/Appellant,
In Proper Person

Madalyn King
Connell L. Archey
Allena W. McCain
Baton Rouge, LA

Counsel for Defendant/Appellee,
Scott Brame

Thomas R. Willson
Alexandria, LA

Counsel for Defendant/Appellee,
In Proper Person

Andrew E. Blackwood
Judson Banks
Mary G. Erlingsos
Ashley M. Caruso
Baton Rouge, LA

Counsel for Defendant/Appellee,
East Baton Rouge Parish
Sheriff's Office

Lawrence Anderson, Jr.
Baton Rouge, LA

Counsel for Defendants/Appellees,
James B. Reichman & White Oak
Servicing, LLC

Barbara Bell Melton
Alexandria LA
Franklin Hoffman
Baton Rouge, LA

Counsel for Defendant/Appellee,
Red River Bank

\*\*\*\*\*\*\*\*\*\*\*\*\*

BEFORE:  WHIPPLE, C.J., PENZATO, AND CHUTZ, JJ.

**WHIPPLE, C.J.**

Plaintiff, Jacques Dodson, Sr., appeals the dismissal of his claims for damages and injunctive relief. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

This case arises from executory process proceedings instituted in 2009 to seize and sell certain immovable property owned by Dodson and located in East Baton Rouge Parish pursuant to the foreclosure on a mortgage held by Scott O. Brame.[1] Initially, Dodson asserted a nullity action in the foreclosure proceeding, seeking to invalidate the seizure and sale of the immovable property based on an alleged lack of proper notice, defects in the executory process, and an error in the property description. Therein, he also requested the issuance of permanent and temporary injunctions and a temporary restraining order prohibiting the sale, transfer, or alienation of the property seized. The trial court heard the matter and granted a motion for involuntary dismissal by Scott O. Brame. Dodson appealed the dismissal of his nullity action, which was affirmed by this court. See Brame v. Dodson, 2017-1216 (La. App. 1st Cir. 2/22/18) (unpublished), 2018 WL 1024534.

Therafter, on March 2, 2020, Dodson filed a *pro se* "Petition for Damages" resulting from the executory process, foreclosure, seizure, and sale of the aforementioned immovable property, naming as defendants: Scott O. Brame; First Fidelity Mortgage D/B/A Southern Funding Mortgage; ABC Insurance Company; DEF Insurance Company; XYZ; Individually, James B. Reichman; William Woods; Bob Cologne; Tom Wilson; Commonwealth Title Company; East Baton Rouge Sheriff's Office; William Nichols; White Oak Servicing, LLC; and Red River Bank.

---

[1]Dodson mortgaged property located at 9760 Pride Port Hudson Road, Zachary, Louisiana for a loan from First Fidelity Mortgage D/B/A Southern Funding Mortgage. The mortgage and loan were subsequently sold to Scott O. Brame. Dodson later defaulted on the note, and on June 4, 2009, Scott O. Brame filed an executory process suit to foreclose on the property. The property was subsequently sold by the Sheriff of East Baton Rouge Parish on May 5, 2010, by virtue of a writ of seizure and sale.

3

Therein, Dodson asserted claims of improper service, improper appointment of a curator, incorrect description of the property, and RICO claims "in that all parties colluded against [him] to intentionally deceive him and take his property," as well as claims that the tax sale was premature and in violation of public policy, and fraud. Dodson further sought damages and permanent injunctive relief from any future alienation of the property and nullification of the seizure.[2]

The defendants responded by filing the following various exceptions, which were heard by the trial court on May 17, 2021:

(1) Sid J. Gautreaux III, in his capacity as Sheriff of East Baton Rouge Parish, (also referred to as "the sheriff") filed peremptory exceptions of no cause of action and prescription;

(2) James B. Reichman and White Oak Servicing, LLC filed peremptory exceptions of prescription, no cause of action, and res judicata;

(3) Thomas R. Willson filed peremptory exceptions of no right of action, no cause of action, and prescription;

(4) Red River Bank filed peremptory exceptions of no cause of action, prescription, and res judicata; and

(5) Scott M. Brame filed peremptory exceptions of no cause of action, res judicata, prescription, peremption, and a declinatory exception of insufficiency of

---

[2]On May 19, 2020, Red River Bank sought removal of this matter to federal court to address Dodson's RICO claims. On June 25, 2020, Dodson amended his petition to delete and dismiss his RICO claims. Thereafter, the United States District Court for the Middle District of Louisiana remanded the matter to the Nineteenth Judicial District Court.

service of process.[3]

At the conclusion of the hearing, the trial court granted the exceptions raised by defendants and dismissed Dodson's claims against them, resulting in the following judgments:

(1) A May 25, 2021 judgment granting exceptions of no right of action, no cause of action, and prescription in favor of Thomas R. Willson;

(2) A June 3, 2021 judgment granting exceptions of peremption, prescription, no cause of action, and res judicata in favor of James B. Reichman and White Oak Servicing, LLC;

(3) A June 3, 2021 judgment sustaining exceptions of no cause of action and prescription in favor of Sid. J. Gautreaux III, in his capacity as Sheriff of East Baton Rouge Parish;

(4) A June 21, 2021 judgment granting exceptions of no cause of action, prescription, and res judicata in favor of Red River Bank; and

(5) A June 28, 2021 judgment granting an exception of no cause of action and dismissing all of Dodson's claims against Scott M. Brame with prejudice, deferring consideration of his peremptory exceptions of res judicata, prescription, and peremption, and denying a declinatory exception of insufficiency of service of process.

Although the record does not contain a judgment signed on May 24, 2021, on June 3, 2021, Dodson filed a motion for new trial "from the Judgment signed on the

---

[3]Scott M. Brame is the son of Scott O. Brame, who died on March 31, 2019. Scott M. Brame is an attorney, but never represented Scott O. Brame in any of the proceedings against Dodson. Scott M. Brame filed the exception "to the extent that he is even a defendant," contending that he was not involved in the underlying executory proceeding and that the court in the prior executory process suit had already determined that he was not a proper party.

During the hearing, the court questioned Dodson about the fact that Scott M. Brame was the son of the now-deceased defendant, Scott O. Brame. Dodson conceded that there were no allegations in his petition or complaints against Scott M. Brame. Dodson explained that he "got it confused" and "made an honest mistake" and that he could "let him out." Dodson subsequently reiterated that he was "willing to let him out" and wished to "release" Scott M. Brame from the litigation.

24th day of May, 2021." The trial court signed an attached order setting the matter for hearing on August 9, 2021, at 1:30 p.m. However, on July 30, 2021, prior to the scheduled hearing, the trial court signed both an order and a judgment summarily denying the motion for new trial.[4] On the morning of August 9, 2021, Dodson filed a motion for appeal from the trial court's July 30, 2021 judgment denying his motion for new trial. That same day, Dodson nonetheless appeared before the trial court requesting that it reconsider its denial of his motion for new trial.[5] The trial court signed Dodson's order of appeal on August 10, 2021.

On appeal, Dodson contends that the trial court erred: (1) in not allowing him to amend his witness list and provide correct addresses for witnesses he subpoenaed to appear at the hearing on the motion for new trial; (2) in not allowing him the opportunity to "make a case," "proffer evidence and make argument" as to why the executory process was invalid and absolutely null, and to "present material witnesses" at the motion for new trial; (3) by proceeding with defendants' executory proceeding when a curator was appointed, in violation of LSA-C.C.P. art. 5091; (4) in denying relief where the challenged foreclosure process was fundamentally flawed and repugnant to due process under the Louisiana and United States Constitution requiring reversal and remand to the trial court; and (5) in not applying standards associated with the doctrine of "contra non valentin [sic]."

---

[4] The July 30, 2021 "ORDER" appears to have been submitted by Red River Bank.

[5] The record does not contain a minute entry or transcript from August 9, 2021. An appellate court can only render any judgment which is just, legal, and proper based upon the *record on appeal*. LSA-C.C.P. art. 2164. As the appellant, Dodson is charged with the responsibility of completeness of the record for appellate review. Brown v. Louisiana Department of Public Safety & Corrections, 2019-0853 (La. App. 1st Cir. 2/21/20), 296 So. 3d 619, 624. Thus, the inadequacy of the record is imputable to him and cannot operate to the detriment of an appellee. See Niemann v. Crosby Development Company, L.L.C., 2011-1337 (La. App. 1st Cir. 5/3/12), 92 So. 3d 1039, 1044; see also Willis v. Letulle, 597 So. 2d 456, 475 (La. App. 1st Cir. 1992).

# SHOW CAUSE ORDER

Following the lodging and examination of the record on appeal, this court, *ex proprio motu*, issued a rule to show cause order as to whether the appeal should be dismissed where it is unclear which judgment of the trial court was properly before this court for purposes of the instant appeal.[6] The parties responded by filing briefs, and the rule to show cause was referred to the merits panel handling this appeal.

Dodson filed a motion to appeal the trial court's July 30, 2021 judgment denying his motion for new trial. The established rule of this circuit is that the denial of a motion for new trial is a non-appealable, interlocutory judgment. See Bourg v. Safeway Insurance Company of Louisiana, 2019-0270 (La. App. 1st Cir. 3/5/20), 300 So. 3d 881, 887. However, the Louisiana Supreme Court has directed us to consider an appeal of the denial of a motion for new trial as an appeal of the judgment on the merits as well, when it is clear from the appellant's brief that he intended to appeal the merits of the case. Carpenter v. Hannan, 2001-0467 (La. App. 1st Cir. 3/28/02), 818 So. 2d 226, 228-229, writ denied, 2002-1707 (La. 10/25/02), 827 So. 2d 1153.

The July 30, 2021 judgment, however, does not specify which underlying judgment on the merits was the subject of the denied motion for new trial. Although Dodson avers in his motion for new trial that he is seeking review of a judgment signed on May 24, 2021, as we noted above, the record on appeal does not contain a judgment signed by the trial court on May 24, 2021. While five separate judgments dismissing the defendants were ultimately signed by the trial court, at the time Dodson's motion for new trial was filed on June 3, 2021, at 9:30 a.m., the only signed judgment in the record was the May 25, 2021 judgment granting Thomas R.

---

[6]Uniform Rules – Courts of Appeal, Rule 2-12.4(B)(1) requires that "[a] copy of the judgment, order, or ruling complained of, and a copy of either the trial court's written reasons for judgment, transcribed oral reasons for judgment, or minute entry of the reasons, if given, shall be appended to the brief of the appellant." However, no judgment or ruling of the trial court is attached to Dodson's appellate brief.

Willson's peremptory exceptions of no right of action, no cause of action, and prescription, and dismissing Dodson's claims against Willson with prejudice. The May 25, 2021 judgment's certification of circulation pursuant to Rules for Louisiana District Courts, Rule 9.5 was signed by Willson on May 24, 2021, which may explain Dodson's use of this date.

Moreover, in his brief on appeal, Dodson invoked the jurisdiction of this court to review "the decision rendered and signed by the [trial court judge] on May 24, 25, 2021." He further conceded that "[t]he remainder of the judgments were not signed nor made final for appeal purposes, therefore [are] not properly before the Honorable First Circuit Court of Appeals." Furthermore, in his response brief to the show cause order, Dodson again explained that he is seeking review of the May 25, 2021 judgment, which was "memorialized on May 24, 2021, however, not signed until May 25, 2021."

Thus, under the circumstances, we conclude that Dodson intended to appeal the July 30, 2021 judgment denying his motion for new trial and the underlying May 25, 2021 judgment on the merits granting Thomas R. Willson's peremptory exceptions of no right of action, no cause of action, and prescription, and dismissing Dodson's claims against Willson with prejudice.

## DISCUSSION

At the outset, we note that Dodson is appearing *pro se* in this matter, and that the arguments by Dodson in his brief are not entirely clear. Moreover, we note that Dodson's brief does not comply with Uniform Rules – Courts of Appeal, Rule 2–12.4(A)(9)(a) & (b), as there are no citations to the record or a concise statement of the applicable standard of review. Moreover, the assignments of error are not specific as to how the trial court erred in its May 25, 2021 judgment dismissing Dodson's claims against Willson. In the interest of justice, however, this court reads *pro se* filings indulgently and attempts to construe briefs as though the assignments

8

of error were properly raised. Brown v. Terrebonne Parish Sheriff's Office, 2017-1305 (La. App. 1st Cir. 4/13/18), 249 So. 3d 864, 869, n. 7, citing Reed v. State, Department of Public Safety and Corrections, 2014-1468 (La. App. 1st Cir. 4/24/15), 2015 WL 1882725 *1 (unpublished opinion). Thus, we will consider the assignments briefed by Dodson herein to the extent they are discernable.

## Assignments of Error Numbers One and Two

Dodson's first and second assignments of error challenge the trial court's denial of his motion for new trial. Dodson contends that he "cause[d] more than (5) subpoenas to issue to various witnesses who possessed and continue to possess material information" and that the trial court erred in not allowing him to amend his pleadings and correct the addresses for material witnesses he wanted to appear at the hearing on the motion for new trial. Although Dodson does not name these potential witnesses, he avers that they possess material information "that could and more likely have provided (under oath) sufficient information that the 19th JDC would have had an opportunity to invoke its plenary power to address the [GROSS] miscarriage of justice [...] against Appellant." Without citing any specific instances or providing record references, he further contends that he "should have been given the opportunity to make a case or at the very least proffer evidence and make argument as to why the executory process as instituted was invalid and absolutely null as a matter of law" to support granting his motion for a new trial.

A new trial shall be granted: (1) when the verdict or judgment appears clearly contrary to the law and the evidence or (2) when the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial.[7] LSA-C.C.P. art. 1972. A motion for a new trial

---

[7]Although not applicable in the instant case, LSA-C.C.P. art. 1972(3) also provides that a new trial may be granted when the jury was bribed or has behaved improperly so that impartial justice has not been done.

9

shall set forth the grounds upon which it is based. When the motion is based on Article 1972(2) or (3), the allegations of fact therein shall be verified by the affidavit of the applicant. LSA-C.C.P. art. 1975.

It is well settled in Louisiana law that a motion for new trial may be summarily denied in the absence of a clear showing in the motion for new trial of facts or law reasonably calculated to change the outcome or reasonably believed to have denied the applicant a fair trial. Sonnier v. Liberty Mutual Insurance Company, 258 La. 813, 248 So. 2d 299, 302-303 (La. 1971); Raborn v. Raborn, 2013-1211 (La. App. 1st Cir. 11/13/14), 2014 WL 5878933 *5, writ denied, 2015-0041 (La. 4/2/15), 163 So. 3d 793. This is a matter of discretion for the trial court. Cleary v. LEC Unwired, L.L.C., 2000-2532 (La. App. 1st Cir. 12/28/01), 804 So. 2d 916, 922. It is not erroneous for the trial court to deny a motion for new trial without a hearing if the motion simply reiterates issues thoroughly considered at the trial on the merits. Cleary v. LEC Unwired, L.L.C., 804 So. 2d at 922.

In his brief on appeal, Dodson has not provided any record cites or record references to his purported subpoena requests, which we are unable to locate in the record before us. However, the record shows that on July 26, 2021, the defendants filed an *ex parte* joint motion to quash subpoenas, averring that on July 20, 2021, Dodson requested that nine civil subpoenas be issued to Scott O. Brame, Mary Ann Brame, William S. Woods, First Fidelity Mortgage, Inc., Bob Cologne and Commonwealth Title Insurance Company, Sid Gautreaux, Red River Bank/Jack Brame, Thomas R. Wilson, James B. Reichman/White Oak Servicing, LLC, and OEE, LLC, commanding their appearance on August 8, 2021, at 8:30 a.m. The defendants pointed out that the subpoenas referenced the wrong date and time, where August 8, 2021 was a Sunday, and the hearing on the motion for new trial was set to be heard on August 9, 2021, at 1:30 p.m. The defendants further contended that there was no basis to allow Dodson to present any witness testimony at the hearing

on the motion for new trial, much less the testimony of nine witnesses, where Dodson did not suggest or explain that any of the nine witnesses that he requested appear were previously unavailable at the hearing on the merits, or that their testimony was relevant to the motion for new trial. The trial court set the defendants' joint motion to quash for hearing on August 9, 2021 at 9:30 a.m. Nonetheless, as set forth above, the trial court ultimately summarily denied Dodson's request for new trial on July 30, 2021, prior to its scheduled setting.

In applying for a new trial, Dodson contended a new trial was warranted where the verdict was contrary to the law and the evidence, the "Defendant herein" admitted he intentionally misappropriated money from plaintiff, and there may be "a possible reopening of a pending bankruptcy" proceeding. However, the record contains only unsubstantiated allegations made by Dodson. The bare allegation that a judgment was clearly contrary to the law and the evidence certainly presents nothing new to the judge who tried the case, heard the evidence and listened to the arguments presented. See Sonnier v. Liberty Mutual Insurance Company, 248 So. 2d at 302. Moreover, Dodson did not identify which defendant purportedly misappropriated money or establish how a possible reopening of a bankruptcy case could change the outcome of the judgments rendered on the merits of the defendants' exceptions in this case.

On review of his motion for new trial, we conclude that Dodson failed to establish by a clear showing in his motion that the judgment was contrary to the law and evidence, that he has discovered evidence that he could not have discovered or obtained with due diligence before or during trial, that the witnesses that he requested to appear were previously unavailable at the hearing on the merits, or that their testimony was reasonably calculated to change the outcome. See LSA-C.C.P. art. 1972; Sonnier v. Liberty Mutual Insurance Company, 248 So. 2d at 302-303. In sum, Dodson did not present any fact or law reasonably calculated to change the

11

outcome of this case. See Cleary v. LEC Unwired, L.L.C., 804 So. 2d at 922. Accordingly, we find no abuse of the trial court's discretion in summarily denying the motion for new trial.

Considering our finding that the trial court did not abuse its discretion in summarily denying his motion for new trial, we find no merit to Dodson's assignments of error arguing that he was denied the opportunity to "make a case" and "present evidence" to support his motion for new trial.

## Assignment of Error Number Three

In this assignment, Dodson challenges the appointment of a curator in the executory process proceedings "in violation of" LSA-C.C.P. art. 5091, contending that he "never left" the jurisdiction of the Nineteenth Judicial District Court and thus, the trial court's "appointment of a curator was wrong [and] contrary to law."[8] However, aside from this single conclusory assertion, Dodson does not cite any law or authority, record cites to facts or record evidence, or set forth an argument in support of this assignment of error. Assignments of error not briefed on appeal are considered abandoned. See Uniform Rules – Courts of Appeal, Rule 2-12.4(B)(4). Accordingly, this assignment of error is deemed abandoned and will not be considered on appeal.

## Assignment of Error Number Four

Dodson contends herein that the absolute nullity of a judgment may be raised "in any court at any time with no limitations on time," and that the "executory process wherein the main object of the foreclosure writ of seizure and sale was

---

[8]Louisiana Code of Civil Procedure article 5091(A) provides in part that the court shall appoint an attorney at law to represent the defendant, on the petition or *ex parte* written motion of the plaintiff, when:

(1) It has jurisdiction over the person or property of the defendant, or over the status involved, and the defendant is:
(a) A nonresident or absentee who has not been served with process, either personally or through an agent for the service of process, and who has not waived objection to jurisdiction.

procured via fraud" because the property description was not correct, renders the 2009 executory proceeding a nullity. Dodson further argues that he was denied the opportunity to "appear or to assert a defense," before the "foreclosing court." In his brief, however, Dodson does not explain or state how a purported fraud was perpetrated other than to allege that a property description was incorrect. In particular, he fails to cite any involvement in any purported fraud by defendant Thomas R. Willson or specific error in the trial court's May 25, 2021 judgment dismissing his claims against Willson. Nonetheless, to the extent that Dodson is contending that the trial court erred in maintaining Willson's exceptions of no right of action, no cause of action, and prescription and dismissing his nullity claims based on fraud or ill practice, we will review the dismissal of Dodson's claims.

The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. The burden of demonstrating that the petition states no cause of action is upon the mover. Didier v. Simmons, 2019-1100 (La. App. 1st Cir. 5/11/20), 312 So. 3d 279, 281, writ denied, 2020-00700 (La. 9/29/20), 301 So. 3d 1162. Peremptory exceptions raising the objection of no cause of action present legal questions, which are reviewed using the *de novo* standard of review. The court reviews the petition and accepts well-pleaded allegations of fact as true. Reyer v. Milton Homes, LLC, 2018-0580 (La. App. 1st Cir. 2/25/19), 272 So. 3d 604, 607. No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action. LSA-C.C.P. art. 931; Reyer, 272 So. 3d at 607. The exception of no right of action is designed to test whether the plaintiff has a real and actual interest in the action. LSA-C.C.P. art. 927(6); Robertson v. Sun Life Financial, 2009-2275 (La. App. 1st Cir. 6/11/10), 40 So. 3d 507, 511.

Thomas R. Willson filed exceptions of no right of action, no cause of action, and prescription, contending that he is a member of the standing panel of Chapter 7 Bankruptcy Trustees for the Alexandria Division of the United States Bankruptcy Court in and for the Western District of Louisiana. Willson averred that Dodson's petition named "**Tom Wilson**" (Thomas G. Wilson), an attorney who was involved with Dodson's loan closing, and that he (Willson) was erroneously and mistakenly served with Dodson's petition instead of Wilson. Willson contends that the allegations against Wilson involving the loan closing are found in paragraphs 1, 15, 17 and 21. (

Willson contends that he was appointed as the Chapter 7 Trustee of a case filed by William Nichols and served as such until the case was closed on June 14, 2010, with an order reserving the rights of the estate in and to the asset known as "First Fidelity Mortgage, Inc." He explained that in his capacity as Trustee, he sought and obtained authority from the bankruptcy court to file a separate bankruptcy case for First Fidelity Mortgage, Inc. d/b/a Southern Funding on September 24, 2009, as he understood it was owned by William Nichols. Willson further notes that although not named, he believed paragraph 22 and 23 could possibly relate to him. Paragraphs 22 states:

> Tom Wilson now appears as bankruptcy trustee for William Nicholson.
> Plaintiff further avers that it appears that the bankruptcy court through his trustee knew of Mover's dilemma and failed to list him or include him as a creditor in the list of creditors, therefore depriving him of any benefits which might be available.

Paragraph 23 states:

> Plaintiff further avers Mr. Wilson committed a fraud upon the Bankrupty Court.

Willson avers that to the extent that Dodson was attempting to name him in his capacity as a member of the standing panel of Chapter 7 Bankruptcy Trustees, on May 24, 2021, Willson obtained a protective order from the United States

14

Bankruptcy Court, Western District of Louisiana, Alexandria Division, prohibiting Dodson from filing any further claims against him in his capacity as Trustee. Willson further contends that Dodson is prohibited from bringing an action against him until Dodson has complied with Barton v. Barbour, 104 U.S. 126, 128, 14 Otto 126, 26 L.Ed. 672 (1881), which requires that leave of the court by which Willson was appointed must be obtained. Willson thus avers that to the extent the allegations in paragraphs 22 and 23 refer to him, because they are claims against him in his capacity as a Chapter 7 Bankruptcy Court Trustee, they must be dismissed.

Willson further contends that Dodson has no right to bring this action against him as Willson has never had any dealings with Dodson, Dodson is not listed as a creditor of Nichols. Wilson's exception of prescription and the actions complained of by Dodson occurred over ten years ago and thus, are prescribed on their face pursuant to LSA-C.C. art. 3492.

At the May 17, 2021 hearing on the exceptions, Dodson conceded that he was not listed as a creditor of William Nichols in the bankruptcy court and indicated that he would pursue filing a proof of claim with the bankruptcy court to be listed as a creditor. The trial court then questioned Dodson as to whether he had any argument in opposition to the exceptions raised by Willson. Dodson indicated that he did not. The trial court thus granted Willson's exceptions of no right of action, no cause of action, and prescription and dismissed Dodson's claims against him.

After thorough review of Dodson's petition, and considering that Dodson conceded that he was not listed as a creditor in the bankruptcy proceeding that formed the basis for the sole allegations that could be construed to be against Willson, we find no error in the trial court's May 25, 2021 judgment granting Willson's exceptions and dismissing Dodson's nullity claims based on fraud or ill practice as to Willson.

This assignment also lacks merit.

## Assignment of Error Number Five

Finally, Dodson urges that in the alternative, the doctrine of "Contra Non Valinten" is a remedy "that may apply to the facts and circumstances of this case."[9] However, as a general rule, appellate courts will not consider issues that were not raised in the pleadings, were not addressed by the trial court, or are raised for the first time on appeal. Stewart v. Livingston Parish School Board, 2007-1881 (La. App. 1st Cir. 5/2/08), 991 So. 2d 469, 474. Pursuant to article 5, § 10 of the Louisiana Constitution, courts of appeal have broad supervisory jurisdiction; however, even with such broad power, this court will not act on the merits of a claim not yet acted upon by the lower tribunal. Burniac v. Costner, 2018-1709 (La. App. 1st Cir. 5/31/19), 277 So. 3d 1204, 1210; see also Uniform Rules – Courts of Appeal, Rule 1-3. Thus, to the extent that this assignment of error could be viewed as challenging the trial court's ruling on prescription, i.e., that his claims are not prescribed under the doctrine of *contra non valentem*, this issue was never raised before the trial court and, on the record before us, fails to serve as a basis to reverse the court's ruling on prescription. See Stewart v. Livingston Parish School Board, 991 So. 2d at 474; see also Hudson v. East Baton Rouge Parish School Board, 2002-0987 (La. App. 1st Cir. 3/28/03), 844 So. 2d 282, 285.

## CONCLUSION

For the above and foregoing reasons, Dodson's appeal is maintained as to the July 30, 2021 and May 25, 2021 judgments, and the show cause order is recalled. Finding no merit to the assignments of error asserted herein, the July 30, 2021 judgment denying Dodson's motion for new trial is hereby affirmed, and the May

---

[9]We conclude Dodson is apparently referring to the doctrine of *contra non valentem*. *Contra non valentem* is a jurisprudential doctrine that suspends the running of liberative prescription in exceptional circumstances. Marin v. Exxon Mobil Corporation, 2009-2368, 2009-2371 (La. 10/19/10), 48 So. 3d 234, 245.

25, 2021 judgment granting exceptions of no right of action, no cause of action, and prescription in favor of Thomas R. Willson is hereby affirmed.

Costs of this appeal are assessed to the plaintiff/appellant, Jacques Dodson, Sr.

**JUDGMENTS AFFIRMED.**