## NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

## 2023 CA 1201

## KELVIN WELLS, IN THE INTEREST OF PATRICK WELLS

## VERSUS

## MICHAEL X., MAGNOLIA WOODS SCHOOL, DONNA WALLETTE

*DATE OF JUDGMENT:*     **APR 1 7 2024**

ON APPEAL FROM THE NINETEENTH JUDICIAL DISTRICT COURT
PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA
NUMBER 611493, SECTION 24

HONORABLE DONALD JOHNSON, JUDGE

\* \* \* \* \* \*

| | |
|---|---|
| Kelvin Wells, Sr.<br>St. Gabriel, Louisiana | Plaintiff-Appellant<br>Pro Se |
| Jonathan D. Blake<br>Baton Rouge, Louisiana | Counsel for Defendants-Appellees<br>Michael X, Magnolia Woods School<br>and Donna Wallette |

\* \* \* \* \* \*

BEFORE: GUIDRY, C.J., CHUTZ, AND LANIER, JJ.

**Disposition: MOTION TO DISMISS DENIED. AMENDED AND, AS AMENDED, AFFIRMED.**

**CHUTZ, J.**

Plaintiff-appellant, Kelvin Wells, on behalf of his minor child Patrick Wells, appeals the trial court's dismissal on the grounds of abandonment of his claims against defendants, Michael X, Ann Hollinger, Donna Wallette, Leon Halford, and Lt. Malcolm Hall, pursuant to an ex parte order filed by the East Baton Rouge Parish School System (EBRPSS). We amend and, as amended, affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Wells filed this lawsuit in proper person on May 29, 2012, averring that Patrick, a student at Magnolia Woods Elementary School, had been the victim of violence at the hands of other students, apparently including a student identified as Michael X. Wells also named as defendants, Hollinger, who was allegedly present in the classroom during acts of violence, and Wallette in her individual capacity as well as her official capacity as principal of Magnolia Woods Elementary School. In amendments to his petition, Wells added Lt. Hall, averring that he failed to properly investigate Wells' complaints, and Halford "believed to be employed at Magnolia Woods Elementary School" for allegedly "striking minor children ... and concealing attacks, bullying, and injuries" of students at the elementary school.[1] Wells filed a petition for a restraining order on August 21, 2013, requesting the closure of Magnolia Woods Elementary School and protective orders against school representatives, including Halford and Wallette, based on allegations of liability due to continued acts of violence on children attending the school. On April 11, 2014, Wells filed into the record interrogatories propounded on various individuals, none of which were named defendants in this lawsuit.

On October 30, 2017, Wells filed a petition for a writ of mandamus, directing that the Clerk of Court for the Nineteenth Judicial District Court and the

---

[1] Wells also named Todd Hernandez in his capacity as a district court judge for failing to properly perform his judicial duties. On November 14, 2013, the trial court signed a judgment, sustaining Judge Hernandez's peremptory exception raising the objection of no cause of action based on judicial immunity and dismissing Wells' claims against him.

2

judges in the "sections where said motions and [subpoena] request, deposition request" were filed issue an order ostensibly requiring that unidentified respondents comply with discovery. Wells attached to his pleading extensive documentary evidence but did not include a service request.

On January 11, 2023, EBRPSS filed an ex parte motion to dismiss Wells' lawsuit on the grounds of abandonment. The trial court signed the order on January 11, 2023, granting the motion and dismissing Wells' lawsuit with prejudice. Wells filed an opposition to abandonment, contending that defendants failed to engage in the discovery process. Although he entitled his pleading "PLAINTIFFS [sic] OPPOSITION TO ABANDONMENT REQUEST FOR SCHEDULING CONFERENCE," he neither prayed for a conference nor attached an order requesting either a scheduling conference or a contradictory hearing, seeking to set aside the dismissal of his lawsuit. On January 19, 2023, Wells filed a request for an appeal of the dismissal, which the trial court granted, signing the order that Wells included with his pleading.

## MOTION TO DISMISS APPEAL

On January 30, 2024, during the pendency of this appeal, EBRPSS filed a motion to dismiss Wells' appeal with prejudice, maintaining that it was untimely filed with this court and that the Wells' brief actually appealed lawsuit #597,165 of the Nineteenth Judicial District Court.

We find no merit in EBRPSS's assertion that Wells' brief was untimely. Wells was advised by this court to file his appellant brief by December 22, 2023, and he did. As to EBRPSS's claim that Wells did not appeal lawsuit #611,493 of the Nineteenth Judicial District Court, it is evident from our review of the appeal record that he did so, having listed lawsuit #611,493 in his motion for an appeal. To the extent that the EBRPSS contends that the inclusion of lawsuit #597,165 on

3

the cover of Wells' brief demonstrated an intent to lodge an appeal in a different matter, we disagree.

Although Wells' brief fails to comply with La. U.R.C.A. Rule 2-12.4 in numerous manners, in the interest of justice, we read pro se filings indulgently and attempt to construe briefs as though assignments of error were properly raised. See *Brown v. Terrebonne Par. Sheriff's Office*, 2017-1305 (La. App. 1st Cir. 4/13/18), 249 So.3d 864, 869 n.7, writ not considered sub nom. *Brown v. Larpenter*, 2018-00964 (La. 10/8/18), 253 So.3d 792. In brief, Wells recognizes lawsuit #597,165 as a lawsuit separate from that which he appealed.[2] Accordingly, we decline to grant EBRPSS's motion to dismiss and deny the requested relief.

## DISCUSSION

La. C.C.P. art. 561 governs the abandonment of cases, providing, in pertinent part:

> A. (1) An action ... is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years....
>
> (3) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment....
>
> (4) A motion to set aside a dismissal may be made only within thirty days of the date of the sheriff's service of the order of dismissal. If the trial court denies a timely motion to set aside the dismissal, the clerk of court shall give notice of the order of denial pursuant to Article 1913(A) and shall file a certificate pursuant to Article 1913(D).

This article has been construed as imposing three requirements on a plaintiff. First, the plaintiff must take a "step" toward prosecution of his lawsuit. A "step" is defined as taking formal action before the court that is intended to hasten the lawsuit toward judgment. Second, the step must be taken in the proceeding and,

---

[2] Wells maintains that the appealed lawsuit was consolidated with lawsuits #597,165, #675,530, and #719,275. And while the record does not include a consolidation order, we recognize that Wells expressly distinguishes the appealed lawsuit from lawsuit #597,165, which is the lawsuit that EBRPSS contends he appealed.

4

with the exception of formal discovery, must appear in the record of the lawsuit. Third, the step must be taken within the three-year period prescribed by Article 561. *McNealy v. Englade*, 2019-0573 (La. App. 1st Cir. 2/21/20), 298 So.3d 182, 186.

The underlying policy of the abandonment article seeks to prevent protracted litigation that is filed for purposes of harassment or without a serious intent to hasten the claim to judgment. Abandonment is not a punitive measure but is designed to discourage frivolous lawsuits by preventing plaintiffs from allowing them to linger indefinitely. When the parties take no steps in the prosecution or defense of their claims during the period set forth in Article 561, the logical inference is that the party intends to abandon the claim and the law gives effect to this inference. *Id.*

Because dismissal is the harshest of punishments, the law favors and justice requires that an action be maintained whenever possible so that the aggrieved party has his day in court. Thus, if the plaintiff has clearly demonstrated before the court during the prescribed period that he does not intend to abandon his lawsuit, dismissal is not warranted. *Id.*

Abandonment is self-executing; it occurs automatically upon the passing of three years without a step being taken by either party and is effective without court order. Once abandonment has occurred, action by the plaintiff cannot breathe new life into the lawsuit. *Id.*

Whether a step in the prosecution or defense of a case was taken in the trial court within a period of three years is a question of fact subject to a manifest error review on appeal. On the other hand, whether a particular act, if proven, qualifies as a step toward furtherance of the action and thereby precludes abandonment is a question of law that we review by simply determining whether the trial court's

5

interpretative decision is correct. *BAC Home Loans Servicing, LP v. Louis*, 2020-0717 (La. App. 1st Cir. 5/13/21), 326 So.3d 904, 909.

Because Wells did not file a motion to set aside the dismissal, no evidence was offered to support his contention of having taken steps toward prosecution of his lawsuit. Thus, our review is limited to the appeal record. See *Hancock Bank of Louisiana v. Robinson*, 2020-0791 (La. App. 1st Cir. 3/11/21), 322 So.3d 307, 312.

Our review of the record shows the last step toward prosecution of his claim was Wells' petition for mandamus filed on October 30, 2017. Although Wells suggests that a pretrial order, subpoenas, and letters to the court (wherein he avers that he warned of a sexual predator who had attacked Patrick) were actions sufficient to prevent abandonment, we find none of these items were filed into the record before us in this appeal after the October 30, 2017 pleading.[3] Thus, without determining whether such actions constitute steps in Wells' prosecution of his lawsuit, we hold that the record before us shows only that Wells' abandoned his lawsuit.

In support of its ex parte motion to dismiss, EBRPSS submitted an affidavit providing that no step has been timely taken in the prosecution or defense of the action. In the affidavit, counsel for EBRPSS attested that the last step toward the prosecution of Wells' lawsuit occurred on May 8, 2018, when counsel for Halford and Lt. Hall filed a notice of deposition, scheduling depositions for Patrick and his two sisters for June 1, 2018.

As an initial matter, we note that although EBRPSS is not a named defendant in Wells' lawsuit, we find no error in the trial court's implicit determination that EBRPSS is an interested person under Article 561(A)(3)

---

[3] As we have noted the record does not contain an order consolidating this lawsuit with any other lawsuits. See n.2, supra. Importantly, any alleged "steps" taken in another ordinary action cannot serve to interrupt the time period for abandonment under Article 561 in this lawsuit. See *BAC Home Loans Servicing, LP*, 326 So.3d at 910.

6

because numerous of its employees were; Wells expressly alleged Wallette is liable in her official capacity; and he averred that the East Baton Rouge Parish School Board is liable under the doctrine respondeat superior. Based on EBRPSS's affidavit, whether we utilize May 8, 2018, or the later date of June 1, 2018 under a presumption the scheduled depositions occurred as noticed, the record shows that by no later than June 1, 2021, Wells' lawsuit was abandoned. Accordingly, we conclude the trial court correctly granted EBRPSS's ex parte motion of abandonment and dismissed Wells' lawsuit.

The trial court's order of dismissal of Wells' lawsuit due to abandonment was with prejudice. However, a dismissal of an action on the grounds of abandonment may only be made without prejudice. *Davis v. Naquin*, 2023-0057 (La. App. 1st Cir. 9/15/23), 375 So.3d 968, 972. Accordingly, we amend the trial court's January 11, 2023 order to dismiss Wells' lawsuit without prejudice.

## DECREE

For these reasons, we deny EBRPSS's motion to dismiss Wells' appeal. The trial court's order, dismissing Wells' lawsuit against all defendants, is amended to replace the words "with prejudice" to "without prejudice." As amended, the trial court's judgment is affirmed. Appeal costs are assessed against plaintiff-appellant, Kelvin Wells on behalf of his minor child, Patrick Wells.[4]

**MOTION TO DISMISS DENIED. AMENDED AND, AS AMENDED, AFFIRMED.**

---

[4] Although Wells pursued this appeal in forma pauperis, costs may nevertheless be taxed against him. See La. C.C.P. art. 5188; *Marquez v. Louisiana Dep't of Pub. Safety & Corrs.*, 2023-0688 (La. App. 1st Cir. 12/27/23), --- So.3d ----, ----, 2023 WL 8906434, at *2.