STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2024 CA 0480

**RAYMOND BENNIE**

**VERSUS**

**PAUL C. JONES**

Judgment Rendered: **NOV 2 0 2024**

* * * * * * *

On Appeal from the City Court of Baton Rouge
In and for the Parish of East Baton Rouge
State of Louisiana
City Court Docket Number 24-00875-E

Honorable Judy Moore Vendetto, Judge Presiding

* * * * * * *

Raymond Bennie                          Plaintiff/Appellee
Baton Rouge, Louisiana                  *Pro se*


Paul C. Jones                           Defendant/Appellant
Baton Rouge, Louisiana                  *Pro se*


* * * * * * *

**BEFORE:  GUIDRY, C.J., PENZATO AND STROMBERG, JJ.**

**PENZATO, J.**

Appellant, the lessee in this eviction proceeding, appeals from the city court's judgment granting the Rule to Evict filed by appellee/lessor. Finding appellant was not given the required five-day notice to vacate pursuant to La. C.C.P. art. 4701, we reverse the city court's judgment.

## FACTS AND PROCEDURAL HISTORY

Raymond Bennie (lessor) filed a Rule to Evict Paul C. Jones (lessee) on February 16, 2024, citing Jones's failure to pay rent as the reason for eviction. In response, Jones filed a motion to dismiss, asserting Bennie failed to comply with "laws governing evictions" and violated his due process rights. The Rule to Evict came before the court on March 1, 2024. Bennie and Jones were present and sworn-in at the beginning of the proceeding.[1]

While under oath, Jones stated he received a notice to vacate the premises dated February 2nd.[2] According to Jones, the notice advised "[i]f you fail to vacate by 2/5/24, you will be locked out of your room and your belongings will be thrown away."[3] Jones alleged this notice was insufficient. At the conclusion of the proceeding, the city court confirmed "there was a three-day-notice to vacate that is dated on February 2, 2024." The court then denied Jones's motion to dismiss, implicitly concluded Jones failed to pay rent, as alleged, and granted the Rule to

---

[1] Camille Litt, apartment manager, also testified. Various payment receipts and a check from Jones payable to "Living Waters" dated February 2, 2024 were introduced into evidence.

[2] The Rule to Evict states that Jones waived "[n]otice of eviction." A rental agreement attached to the Rule, which was not admitted into evidence, was purportedly signed by Jones and contains a waiver of the five-day notice to vacate required by La. C.C.P. art. 4701. However, it was established at trial that this rental agreement applied to a different property, not the property at issue, currently being rented to Jones. No written rental agreement exited for the property at issue. See La. C.C.P. art. 4701 (pertinently states that a lessee may waive the notice requirements of this Article by *written* waiver contained in the lease.)

[3] A review of the record shows a notice to vacate is attached to the Rule to Evict; however, the notice was not offered or introduced into evidence. This court cannot consider documents not formally admitted into evidence. See *Marlies Margot Cernicek Irrevocable Living Trust v. Becnel*, 22-62 (La. App. 5th Cir. 11/16/22), 353 So.3d 950, 955.

2

Evict, ordering Jones to vacate the premises within twenty-four hours. A written judgment in conformity with this ruling was signed on March 1, 2024, specifically ordering Jones to vacate the premises located at "803 NORTH 48TH STREET #17 in the City of Baton Rouge, Louisiana." Jones timely filed this devolutive appeal.[4] Bennie did not file an appellee brief or otherwise respond to Jones's appeal.

## NOTICE TO VACATE

On appeal, Jones asserts he did not receive a fair trial and raises the question of "[w]hether the law was satisfied [by Bennie's] failure to provide sufficient 'Notice to Vacate'[.]" Although Jones's precise argument is unclear, we must read his *pro se* filings "indulgently" and attempt to discern the thrust of his position on appeal and the relief he seeks. See *Brown v. Terrebonne Parish Sheriff's Office*, 2017-1305 (La. App. 1st Cir. 4/13/18), 249 So.3d 864, 872 n.7, *writ not considered*, 2018-00964 (La. 10/8/18), 253 So.3d 792; *Wells Fargo Bank, NA v. Jones*, 2023-463 (La. App. 3d Cir. 2/7/24), 379 So.3d 1273, 1279. Additionally, we must render judgment that is just, legal, and proper upon the record on appeal. See La. C.C.P. art. 2164.

In an eviction proceeding, when there is no dispute as to the dispositive facts, the issue can be decided as a matter of law, and review is *de novo*. *Rainey v. Bartholomew*, 2022-0616 (La. App. 4th Cir. 2/13/23), 357 So.3d 900, 905. Whether the notice to vacate adhered to the requirements of Louisiana law is a legal question. *Bernard v. Professional Property Management*, 2016-215 (La. App. 3d Cir. 9/28/16), 2016 WL 5404570, *2 (unpublished) *writ denied*, 2016-02149 (La. 1/13/17), 215 So.3d 250.

Louisiana Code of Civil Procedure articles 4701 through 4736 set forth the summary eviction procedure. Article 4701 pertinently states, "When a lessee's right

---

[4] An evicted lessee who takes a devolutive appeal does not voluntarily acquiesce in the judgment when he vacates the premises. If the evictee takes a devolutive appeal, the only relief is monetary damages for wrongful eviction. *Jimmy's Discount Meat Market, Inc. v. DiMarco Five, LLC*, 21-178 (La. App. 5th Cir. 5/18/22), 362 So.3d 734, 739.

of occupancy has ceased...and the lessor wishes to obtain possession of the premises, the lessor or his agent shall cause written notice to vacate the premises to be delivered to the lessee. The notice shall allow the lessee **not less than five days from the date of its delivery** to vacate the leased premises." (Emphasis added.) The notice to vacate is a prerequisite and essential part of the summary eviction procedure. Without this notice, there can be no judgment issued under La. C.C.P. art. 4701. *Kushi Healthcare, L.L.C. v. St. James Behavioral Health Hospital, Inc.*, 2015-0007 (La. App. 1st Cir. 6/5/15), 174 So.3d 1192, 1198.

The notice must allow the tenant five days to vacate. *Frank Maraist*, §9.8, Eviction, 1A La. Civ. L. Treatise, Civ. Proc. - Special Proceedings. If a lessor provides the lessee with fewer than five days to vacate before filing a rule for possession, this does not constitute proper notice, and the trial court should dismiss the rule for possession. *Rainey*, 357 So.3d at 906. In *Horacek v. Watson*, 2011-1345 (La. App. 3d Cir. 3/7/12), 86 So.3d 766, 772, the notice to vacate was provided to the lessee on June 13, 2002, and demanded lessee vacate the leased premises by June 15, 2002. The court of appeal agreed with the trial court that the lessor failed to comply with the five-day notice requirement delineated in La. C.C.P. art. 4701. *Horacek*, 86 So.3d at 772.

Here, it is undisputed the notice to vacate gave Jones less than five days to vacate. Therefore, Bennie failed to comply with La. C.C.P. art. 4701, and the lower court legally erred by granting the Rule to Evict.

## DECREE

We reverse the March 1, 2024 judgment granting the Rule to Evict and ordering Paul C. Jones to vacate the premises located at 803 North 48th Street, #17 in the City of Baton Rouge. All costs of this appeal are assessed against Raymond Bennie.

**REVERSED.**

4